[No. 5292.]

## JAMES C. SMITH *v.* JULIUS GEORGE.

CONTRACT FOR CONVEYANCE OF LAND.—If the owner of land contracts to sell the same to another upon the payment of a fixed sum in installments, and the owner dies before the last installment falls due, and the purchaser petitions the Probate Court for an order requiring his executor to make a conveyance of the land, and the Court decrees such conveyance on the payment of the last installment and the expenses of procuring the decree and

making the deed, the purchaser must pay such expenses before he can claim a deed.

JUDGMENT.—One who claims the benefit of a judgment rendered in his favor must comply with its terms.

MALICIOUS PROSECUTION OF CIVIL ACTION. — The point mentioned, but not decided, whether an action to recover damages for the malicious prosecution of a civil action, when no arrest of the person of the defendant or seizure of his property has occurred, can be maintained.

APPEAL from the District Court, Fifth Judicial District, County of San Joaquin.

On the 15th day of January, 1866, one Maurice J. Dooley was the owner of several tracts of land in the County of San Joaquin, aggregating about two thousand acres, and contracted to sell the same to the plaintiff here for the sum of fourteen thousand dollars, payable, two thousand dollars down, and two thousand dollars yearly thereafter, on the 15th day of April, until the entire sum was paid. The contract contained a clause that if Smith failed to make each payment as it became due, then Dooley should be released from all obligation in law or equity to make a conveyance, and that Smith should forfeit all payments he had made. Dooley died March 2nd, 1871, and letters testamentary were issued by the Probate Court of San Mateo County to Julius George, the defendant here, and Mary L. Dooley, the widow of the deceased. The payments were made by Smith until the last, which fell due April 15th, 1872. On the 2nd day of December, 1871, Smith petitioned the Probate Court of San Mateo County to make a decree authorizing the executor and executrix, upon the payment of the last note, to execute and deliver to him a deed of the land. On the 13th day of January, 1872, the Court made such decree, and inserted therein the following clause :

" And it is further ordered that all expenses attending the application of said petitioner and the hearing thereon, and all expenses attending the making and execution of said deed, be paid by said petitioner, James C. Smith."

The expenses, paid by the executors, amounted to the sum of sixty dollars. The executors, soon after the payment fell due, tendered to Smith a deed of the land, with a certified copy of the decree of the Probate Court, and demanded the two thou-

sand dollars and the sixty dollars expenses. Smith offered to pay the two thousand dollars, but refused to pay the sixty dollars. The deed was not delivered. Thereupon the executor and executrix, on the 3rd day of July, 1872, commenced an action of ejectment against Smith to recover the land, claiming that under the contract Smith had forfeited his right to a deed for the land and all payments which he had made. Smith answered, setting up his equitable defense under the contract, and asking for a decree of the Court compelling the executor and executrix to execute and deliver to him a deed of the land on payment of the two thousand dollars. On the trial the Court entered a decree for the defendant, as asked by him in his answer. Smith then commenced this action to recover damages for a malicious prosecution in bringing the action of ejectment. The plaintiff had judgment and the defendant appealed.

*McAllisters & Bergin,* for the Appellant.

An action cannot be maintained for the malicious institution of a civil suit in which no arrest, replevin, injunction, or attachment was issued. (*Ray* v. *Law*, 1 Peters C. C. R. 210; *Potts* v. *Imlay*, 1 South. R. 331; *Savill* v. *Roberts*, Salk. 15; *Parker* v. *Langley*, Sel. Cases, 161; and *Allgor* v. *Stilwell*, 1 Halst. N. J. 166.)

James C. Smith signed and swore to the petition filed in the Probate Court, under which last mentioned decree was made. This fully committed him to and bound him by the adjudication made in that proceeding. (*Putnam* v. *Day*, 22 Wall. 60, 64.) The decree of the Probate Court adjudged that Smith should pay "all expenses attending the application of said petition, and the hearing thereon, and all expenses attending the making and execution of said deed." Smith was bound by this decree. It was an adjudication of his rights under the agreement of January 15th, 1866. No appeal was taken, and that decree is a finality, unreversible and unattackable in this suit. The rights of Smith to a deed from the executors of Dooley depended upon that decree; by it, through it, and under it, he was to have the conveyance. How was Smith entitled to his deed before he had

complied with the terms of that decree? Were not the executors of Dooley fully justified in suing Smith in ejectment for the land, which he had obtained possession of under the agreement of January 15th, 1866, when he distinctly refused to comply with the decree into which that agreement had been merged?

*Byers & Elliott*, for the Respondent, on the point that an action for malicious prosecution would not lie, cited *Masten* v. *Deyo*, 2 Wend. 424; *Bisson* v. *Southard*, 10 N. Y. 239; and *Tatum* v. *Morris*, 18 Ala. 302.)

After the case had been submitted the Court made the following order:

One of the points relied upon by the appellant is that the evidence did not justify the verdict, and he has referred us to such portions of the evidence as he deemed necessary in support of that proposition. On the assumption that we cannot review the evidence, as the case is presented by the record, the respondent has wholly omitted to refer us to such portions of the evidence, if any there be, as tend to support the verdict. We cannot perform the duty of counsel in searching through a voluminous record to ascertain whether there be any evidence to uphold the verdict; and it is, therefore,

Ordered, That within twenty days the respondent file an abstract of such portions of the evidence as he may claim justified the verdict, referring to the proper folios in the transcript.

After the abstract had been filed the opinion was delivered.

By the COURT:

It is not necessary to determine in this action whether under any circumstances an action to recover damages for the malicious prosecution of a civil action, when no arrest of the person of the defendant, or seizure of his property has occurred, can be maintained in this State. The adjudged cases in England and America are conflicting upon the question, and depending to a considerable degree, it would seem, upon the prevailing statutory provisions as to the recovery of costs by the defendant upon the determination of a civil action in his favor.

But assuming in favor of the plaintiff here that such an action will, under proper circumstances, obtain in this State, we are of opinion, that, upon the facts incontestably appearing in this case, there was probable cause for the bringing of the action in which the defendant here was a plaintiff. It was the plain duty of the plaintiff here, (if he intended to retain the possession of the land) under the terms of the decree of the Probate Court of San Mateo County, to pay the expenses mentioned in that decree, and upon his refusal to do so the defendant here was certainly at liberty, and perhaps it was his absolute duty to bring the action of ejectment—as much so as if the plaintiff here had refused to pay the amount of the promissory note mentioned in that decree.

Judgment reversed and cause remanded.