[No. 8,045. In Bank.—November 22, 1884.]

## A. EASTIN, RESPONDENT, v. THE BANK OF STOCKTON ET AL., APPELLANTS.

MALICIOUS PROSECUTION—PROBABLE CAUSE.—In an action for malicious prosecution, the question whether the facts as found by the jury constitute probable cause should be determined by the court, and not by the jury.

ID.—MALICIOUS PROSECUTION OF A CIVIL CASE.—An action may be maintained for the malicious prosecution of a civil action, begun and carried on with malice, and without probable cause, although no process other than a summons was issued in the action complained of.

ID.—DAMAGES—INSTRUCTIONS.—In an action for malicious prosecution of a civil case, it is error to instruct the jury that if they find for the plaintiff, they should allow him all that he paid out in the former suit, "both counsel fees and other expenses," without reference to whether such counsel fees and expenses were reasonable or not.

APPEAL from a judgment of the Superior Court of the county of Stanislaus, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Byers & Elliott*, for Appellants.

*D. S. Terry*, and *W. E. Turner*, for Respondent.

Ross, J.—The cause of action set forth in the complaint is, that in the month of August, 1874, the plaintiff executed to the firm of J. H. Barney & Co. his two certain promissory notes— one for the sum of $160, and the other for the sum of $341— which notes he paid in December of the same year at the Bank of Stockton, with the knowledge of the president, cashier and managing agent of the bank; that after the notes had been so paid and had been delivered up, plaintiff lost them; and the bank, by some means to the plaintiff unknown, became possessed of them; that thereafter, and in the year 1876, the bank and its

co-defendant, Hogan, entered into a conspiracy for the purpose of blackmailing plaintiff, and extorting money from him by means of the possession of the notes and the supposed inability of the plaintiff to produce evidence of their payment, and that it was agreed and understood between the bank and Hogan that each should receive an equal part of whatever money they might succeed in extorting from the plaintiff, and that each should bear an equal part of the expenses incurred in carrying out the conspiracy; that in pursuance of the conspiracy, defendant, on the 5th of August, 1878, willfully, maliciously, and without reasonable or probable cause, and with intent to vex, harass and injure the credit of plaintiff, and to put him to cost in and about his defense, or to compel him to submit to their extortionate demands, commenced an action in the district court of the Fifth Judicial District of the State of California, for the recovery of the sums for which the notes had been given, but which defendants at the time well knew had been fully paid; that process in that action was served on the present plaintiff, who was obliged to employ counsel to defend the suit at a cost of $600, and to incur a further expenditure in defense thereof of $75; that by reason of the commencement and prosecution of that action the plaintiff was damaged in the further sum of $5,000, by way of injury to his credit, neglect of his business, etc.; that the action resulted in a judgment for the then defendant—plaintiff here.

The answer of the defendants put in issue the material averments of the complaint, and a trial was had with a jury, resulting in a verdict for the plaintiff for the sum of $3,000; and judgment was entered against the defendants for that sum and costs.

A large number of objections were taken by the defendants to the proceedings in the court below—among them exceptions to the giving and the refusal to give certain instructions to the jury. The instructions given were erroneous in several particulars. In several instances the jury was told, in effect, that it was for them to decide whether or not there was probable cause for the prosecution of the suit against the plaintiff. Thus, the court told the jury: "If, from the evidence, you find that in the instituting of the suit of the *Bank of Stockton* v. *Eastin* there was no probable cause, and that the defendants were actuated

by malice, either actual or implied, then I charge you that in assessing the damages sustained by Eastin, you are not limited to the actual amount paid out or expended by him," etc. Again, the jury was told: "If the facts offered to show a want of probable cause are undisputed, it is the sole province of the court to determine whether or not such evidence establishes a want of probable cause, and in that case the jury would have nothing to do with the matter. If, however, the facts are disputed, then it becomes your duty first to determine what are the facts proven, and *next*, under the instructions of the court, *to see whether those facts constitute a want of probable cause.* Now, in this case, that is a disputed proposition, and unless you find affirmatively from the testimony that there was a want of probable cause in the institution of the suit of the *Bank of Sockton* v. *Eastin*, then you must find for the defendants." Continuing, the court said: "In determining whether or not there was a want of probable cause in the bringing of that suit, the court calls your attention particularly to the fact which, in its judgment, will determine that question either one way or the other."

It is quite clear that by these instructions the court left it with the jury to say whether or not there was probable cause for the bringing of the suit against the plaintiff. In doing so, the court committed to the jury more than it was their legitimate province to determine, as was held in *Grant* v. *Moore*, 29 Cal. 652, and where this court said: "The law makes it the duty of the judge who tries an action for malicious prosecution, to instruct the jury that as they may find and determine certain questions of fact, properly submitted to them, to be true or untrue, so must be their verdict for the plaintiff or the defendant; not that they should determine the question of the want of probable cause, or the contrary."

The court below also erred in instructing the jury, as it did, that in the event of their finding a verdict for the plaintiff, it would be their duty to allow him all that he paid out and expended in the defense of the former suit, "both counsel fees and all other expenses paid out by him," without reference to whether such counsel fees and other expenses were reasonable and proper or not. Under no circumstances would plaintiff be

entitled to recover extravagant and unnecessary fees and expenses.

As the case must be sent back for a new trial, it is proper to decide another question raised, and that is, whether in this State an action can be maintained for the malicious prosecution of a civil action, in which no process other than the summons was issued. The weight of the authorities, American as well as English, is against the maintenance of such an action ; and so are most of the text-writers. The question has never been determined in this State, and we are, therefore, at liberty to adopt the rule that we think is founded on the better reason. The point was made in the case of Smith v. George, 52 Cal. 344, but was not decided, the Court holding that it was unnecessary to decide it, but remarking that " the adjudged cases in England and America are conflicting upon the question, and depending to a considerable degree, it would seem, upon the prevailing statutory provisions as to the recovery of costs by the defendant upon the termination of a civil action in his favor." The cases are collected and reviewed by Mr. Lawson, in an instructive article upon the subject, published in the American Law Register, and which will be found in the 21st vol., at pages 281–353. The cases are too numerous to be here referred to in detail. The English cases which deny the right to maintain the action, stand upon the ground that the successful defendant is adequately compensated for the damages he sustains by the costs allowed him by the statute. Those costs, it seems, include the attorney's charges for preparing the case for trial in all its parts, the fees of the witnesses and the court officials, and even the *honorarium* of the barrister who conducted the case in court. The reason upon which the English rule rests would not, therefore, seem to apply here, where the costs recoverable under the statute are confined to much narrower limits. Under our system the defendant may be subjected, or he may subject himself, to expenses not recoverable, even if the suit terminates in his favor; but of this he has no legal ground to complain when the suit is brought and prosecuted in good faith, because, as said in *Closson* v. *Staples*, 42 Vt. 209, " it is the ordinary and natural consequence of a uniform and well-regulated system, to which all parties in civil actions are required to

conform. But when the action is brought and prosecuted maliciously, and without reasonable or probable cause, the plaintiff asserts no claim in respect to which he had any right to invoke the aid of the law. In such cases the plaintiff, by an abuse of legal process, unjustly subjects the defendant to damages which are not fully compensated by the costs he recovers. The plaintiff, in such case, has no legal or equitable right to claim that the rule of law which allows a suit to be brought and prosecuted in good faith without liability of the plaintiff to pay the defendant damages, except by way and to the extent of the taxable costs, if judgment be rendered in his favor, should extend to a case where the suit was maliciously prosecuted without probable cause. But where the damages sustained by the defendant in defending a suit maliciously prosecuted without reasonable or probable cause, exceed the costs obtained by him, he has, and of right should have, a remedy by action on the case.

Two other objections made to the maintenance of the action —first, the claim that if such suits are allowed, litigation will become interminable, because every successful action will be followed by another, alleging malice in the prosecution of the former; and second, that if the defendant may sue for damages sustained by an unfounded prosecution, the plaintiff may equally bring an action when the defendant makes a groundless defense, —are well answered in the article already alluded to: " To the first objection, it is enough to say that the action will never lie for an unsuccessful prosecution, unless begun and carried on *with malice and without probable cause.* With the burden of this difficult proof upon him, the litigant will need a very clear case, before he will be willing to begin a suit of this character. The second argument fails to distinguish between the position of the parties, plaintiff and defendant, in an action at law. The plaintiff sets the law in motion ; if he does so groundlessly and maliciously, he is the cause of the defendant's damage. But the defendant stands only on his legal rights—the plaintiff having taken his case to court, the defendant has the privilege of calling upon him to prove it to the satisfaction of the judge or jury, and he is guilty of no wrong in exercising this privilege."

Judgment and order reversed, and cause remanded for a new trial.

MYRICK, J., and McKINSTRY, J., concurred.

MORRISON, C. J., concurring.—In his charge to the jury the court said: "I charge you that it will be your duty to allow him (the plaintiff) all that he paid out and expended in the defense of the former suit, both counsel fees and all other expenses paid out by him ; and in addition thereto you may award such damages, in all not exceeding five thousand six hundred dollars, by way of exemplary or punitive damages."

I think the foregoing instruction erroneous. The jury was told that they should allow the plaintiff all *that he paid out and expended in the defense of the former suit.* The allowance in this respect should have been confined to such an amount as was *reasonably* laid out and expended.

Without expressing any opinion on other points decided in the main opinion, I concur in the reversal of the judgment on the ground above stated, and I think the action maintainable.

THORNTON, J., concurring.—I concur in the judgment of reversal herein on the ground that, assuming as true the strongest case which on a fair consideration of evidence is made out against the defendants, there is no want of probable cause for the course which they pursued.

I agree that in a proper case, an action such as the one before us can be maintained against an attorney. But it cannot in my opinion be held, that an attorney who is told by his client that a note is due and unpaid, is guilty of the malicious prosecution of a suit, when he brings an action on the note against its maker, though he has been told by the maker that he has paid the note. The law does not impose on the attorney the determination of any such case. Nor will it hold him guilty of a derilection of duty or trespass on the rights of others, if he determine to act, and does act, in accordance with the statement of his client and constituent. Such, I understand, is the case made by the evidence against the defendant Hogan.

As to the bank, its responsibility is made out through the alleged fault of its president and servant. As I read the evidence in the case, the utmost that can be said in regard to his relation to the note sued on is, that it was left in doubt whether

the bank had the right to recover on the note or not. Under such circumstances, when he directed the suit to be brought, he was acting in the line of his duty, and was conducting himself as a faithful servant should have acted. Of such conduct, neither malice nor want of probable cause can be predicated.