[Civ. No. 12926.   Second Dist., Div. Two.—May 16, 1941.]

CITIZENS STATE BANK OF LONG BEACH (a Banking Corporation), Respondent, v. FRED HOFFMAN et al., Appellants.

Denio, Hart, Taubman & Simpson for Appellants.

Newton M. Todd and Frank M. Linnell for Respondent.

WOOD, Acting P. J.— Respondent obtained a judgment for $2,000 against appellants in an action for alleged malicious prosecution in the filing in September, 1935, of a civil action for the recovery of the rental of real property and the levying of an attachment in the same action in January, 1937. Although appellant Helen S. Hoffman was named as plaintiff in the action filed in September, 1935, she did not sign the complaint or any pleading in the action, nor did she sign any instrument of any kind in connection with the levy of the attachment. There is no evidence that she authorized her name to be used in the action, that she knew that the action had been filed or that the attachment had been levied. Apparently the only connection she had with the litigation which brought about the present action lies in the fact that she is the wife of the other appellant and is one of the owners of the property for the rental of which the criticized action was commenced. Clearly no sufficient showing has been made to justify a judgment against her in the present action. Whenever the appellant is herein mentioned reference will be made to appellant Fred Hoffman.

The business transactions of respondent and appellant began in 1928, when respondent leased from appellant a building in the city of Long Beach in which to conduct its

banking business. According to its terms this lease was to terminate on March 31, 1933. Before this date appellant had reduced the stipulated rental on several occasions. Differences arose between the parties over the claim that respondent had improperly removed a safety deposit vault door from the premises, and the further claim that subtenants of respondent had damaged the building. One of respondent's subtenants, one Bernstein, retained possession of part of the premises after March 31, 1933, and appellant claimed that the holding-over by the subtenant made respondent liable for a renewal term.

An action was filed by appellant against respondent on May 25, 1933, for unpaid back rental and for rental for April, 1933, part of the period of the alleged holding-over; also for damages to the premises and for the removal of the vault door. This action, which is not the one claimed to be the basis for the malicious prosecution action, was brought to trial in June, 1934, and a memorandum opinion was filed therein on December 4, 1934. Findings of fact were signed on April 1, 1936, and corrected findings were signed on June 5, 1936, and judgment thereon entered in favor of appellant in the sum of $2,863.08, including the sum of $900 for the month of April, 1933. Appellant appealed from this judgment, contending that it should have been in a larger amount.

It will be noted that the action which constitutes the basis of the present action for malicious prosecution was filed during the pendency of the first action and before decision therein. It was filed for the purpose of recovering rentals which had accrued after the filing of the first action. On February 15, 1936, respondent bank sold certain of its assets to the Farmers and Merchants Bank of Long Beach, including all of its deposits, and thereafter ceased to receive deposits or carry on a banking business. Early in 1936 appellant read in a newspaper an item concerning this transfer and asked his attorney to investigate. The attorney corresponded with the state superintendent of banks and learned that the superintendent had given a license for the transfer to the Farmers and Merchants Bank. The attorney discussed the matter with officials of the assignee bank for the purpose of determining whether the assignee bank would be responsible for any judgment appellant might obtain against respondent. In January, 1937, the attorney filed an amended complaint

and caused a writ of attachment to be levied upon sums on deposit with the Farmers and Merchants Bank and upon respondent's safety deposit box. Appellant stated that he was afraid that respondent's assets would all be dissipated, and that unless he levied the attachment the judgment which he expected to obtain would not be collectible.

Only one of the points urged by appellant for reversal need be passed upon. It is elementary that in order to entitle a litigant to recover in an action for malicious prosecution the burden is upon him to establish both malice and want of probable cause. (*Richter* v. *Neilson*, 11 Cal. App. (2d) 503 [54 Pac. (2d) 54].) It is thoroughly settled that probable cause is established by one who is charged with malicious prosecution when he proves that he has in good faith consulted a lawyer, has stated all of the facts to him, has been advised by the lawyer that he has a good cause of action and has honestly acted upon the advice of the lawyer. (*Johnson* v. *Southern Pac. Co.*, 157 Cal. 333 [107 Pac. 611]; *Black* v. *Knight*, 44 Cal. App. 756 [187 Pac. 89].) When the evidence herein is considered in the light of this rule it at once becomes apparent that the finding on the part of the trial court that appellant prosecuted the action filed in September, 1935, and caused an attachment to be levied therein without probable cause, cannot be sustained.

During the entire period from April 12, 1933, until after the levy of the writ of attachment of which complaint is made appellant was represented by Adolph Rosenfield, an attorney at law with offices in Long Beach. Both Mr. Rosenfield and Mr. Hoffman testified at length and in detail concerning the numerous conversations they had, the disclosure of all of the facts by appellant to the attorney and the advice given by the attorney to the client to commence both actions and to levy the writ of attachment. Rosenfield testified in particular that he had personally inspected the premises claimed to have been damaged and that he had made exhaustive study of all of the decisions available, including a research in the county law library of Los Angeles; that he had advised Hoffman that the holding-over of the subtenant made the bank liable for the renewal term; that before the action of September, 1935, was filed he had told Hoffman that the time "was getting short", because there might be a question as to whether the action was upon an oral contract;

858

that Hoffman told him to use his own judgment and that he had done so in filing the action and in the steps thereafter taken. The testimony of Rosenfield, as also that of Hoffman, is clear-cut and stands without contradiction. Indeed, the trial court expressly found that Rosenfield had full knowledge of all of the facts and circumstances relating to the action and that he had advised appellant that he had a legal right to commence the action and to levy the writ of attachment. The further finding that appellant did not have an honest belief that he had a legal right to commence the action is not supported by the evidence.

The judgment is reversed.

McComb, J., concurred.