[Civ. No. 15309.   Second Dist., Div. One.   Oct. 24, 1946.]

C. D. LOTTS, Respondent, v. BOB WHITWORTH, Appellant.

Harold E. Thomas and W. L. Pollard for Appellant.

Henry L. Walleck for Respondent.

WHITE, J.—This is an appeal from a judgment for plaintiff in an action for damages based upon an alleged malicious attachment and malicious prosecution of a civil action in the Municipal Court of the City of Los Angeles. The evidence adduced in the court below consisted solely of testimony by each of the attorneys who had represented the respective parties in the original suit which it is claimed was prosecuted by defendant and appellant herein with malice and without probable cause. The trial court also had before it the municipal court record, which was received in evidence "by reference."

The sole question for determination is whether there was presented to the trial court evidence from which the inferences of malice and want of probable cause might properly be drawn.

On March 1, 1943, C. D. Lotts, plaintiff herein, and the defendant, Bob Whitworth, entered into a written agreement whereby Lotts employed Whitworth as his exclusive agent "for a period of 60 days from date hereof, to find a purchaser" for certain real property, and agreed to pay him a 5 per cent commission. The agreement further provided that "should a sale be made within thirty (30) days after the termination of this contract of employment to parties with whom said agent negotiated during its life and said agent notifies me (Lotts) personally or by mail, in writing, of such negotiation, within five days after the termination of this contract, I agree to pay said agent the commission fixed herein."

On June 20, 1943, Lotts sold the property to a Mr. Frost,

and on June 25, 1943, Whitworth filed in the Municipal Court of the City of Los Angeles a ''complaint for commission,'' pleading the contract and compliance therewith by him in general terms, and also caused a writ of attachment to be levied upon funds in escrow in connection with the sale. In his affidavit for attachment Whitworth deposed that Lotts was indebted to him upon a written contract.

At the opening of the trial of the municipal court action the defendant therein (plaintiff here) objected to the introduction of any evidence on the ground that ''no contract agreement memorandum was produced in writing bearing the signature of the defendant, C. D. Lotts, for that period of time which he claimed a commission.'' Thereupon, according to the testimony of Whitworth's attorney, the following offer of proof was made on behalf of Whitworth in the municipal court action:

''I stated to the Court at the time of the offer of proof that I held a written contract dated, I believe it was, March 1st, 1943, which ran for a period of sixty days and which had in it a period of thirty days' extension, in which a sale might be made if a sale had been initiated prior to the termination of the sixty-day period. I stated to the court that the sale was actually made some time in early June, . . . and that therefore the written contract had expired by its terms. . . . I offered to prove that prior to the time the written contract expired Mr. Lotts, the defendant in the matter, had told Mr. Whitworth that if he had any sale pending or had any sale that he could get ahold of, to go ahead with it regardless of the written contract. . . . I offered to prove that after the date the contract expired Mr. Whitworth and Mr. Lotts had at least four conferences in which the actual sale that was made was discussed, and in which Mr. Lotts stated to Mr. Whitworth that, 'Well, even though the contract expired, we are gentlemen and we can go ahead with the deal and consummate it and you will get your payment.' I offered to prove to the court that even the day the deal went into escrow that Mr. Lotts and Mr. Whitworth had a conference in which Mr. Whitworth discussed the contract and the sale, and Mr. Lotts said, 'Well, you will get your commission out of it.' The court then ruled that the estoppel could not be used to set off the statute of frauds. No proof was given, and I was barred from making any proof under my offer.

". . . the gist of my offer of proof was . . . that up until the time the deal went into escrow Mr. Lotts at all times told Mr. Whitworth, "Well, go ahead with your sale and complete it, and I will take care of you.' "

Mr. Whitworth's attorney further testified, on cross-examination, as follows:

"Q. And isn't it a fact that even taking into consideration the ninety days, the sixty days of the agreement and the thirty-day extension period, that the sale in question had been made beyond that ninety-day period? A. That is true, but to a client whom Whitworth was dealing with during the extension period of thirty days."

He further testified that at the time of the preparation of the complaint and affidavit for attachment his client made a full disclosure of the facts of the case as set forth in his offer of proof.

The testimony given by respondent's attorney, so far as necessary to this decision, was as follows: "That no contract agreement memorandum was produced in writing bearing the signature of the defendant C. D. Lotts, for that period of time which he (Whitworth) claimed a commission, and the court, upon the failure on the part of the plaintiff to produce such a document in writing upon the motion of the attorney for the defendant, dismissed the case, basing the decision upon a violation of the code provision that requires a note or memorandum in writing for the payment of the commission. . . . Our contention now is that the writ of attachment and the complaint are based upon the statement that there was a contract in writing, and on the basis of the fact that he stated that there was a contract in writing, when in truth and in fact he knew there was no contract in writing, he caused a writ of attachment to be issued and caused this money to be tied up and to state a valid cause of action, whereas if he would have alleged the true facts, that there was no contract in writing but it was based upon an oral agreement, that then the complaint would have been subject to a demurrer and would not have been required to go to trial. . . ."

The municipal court file which was before the trial court in this cause contains the deposition of Lotts, who denied the conversations alleged in the offer of proof and testified that the purchasers of the property were strangers who were not introduced to him by Whitworth and that Whitworth never notified him, personally or by mail, that he had been negotiating with such purchasers.

In an action for malicious prosecution the burden is upon the plaintiff to establish both malice and lack of probable cause. (*Citizens State Bank* v. *Hoffman,* 44 Cal.App.2d 854, 857 [113 P.2d 211]; *Richter* v. *Neilson,* 11 Cal.App.2d 503, 508 [54 P.2d 54].) That burden was not sustained by the plaintiff and respondent in this action. In substance, all that respondent established was that the prior action was unsuccessful because the theory of law upon which Whitworth's attorney sought to recover was rejected by the trial judge. This alone is insufficient to establish want of probable cause. (34 Am.Jur. 742.) " 'Probable cause' for the institution of an action does not mean 'legal cause' therefor, because, if it did, every plaintiff who failed to recover in his lawsuit would be liable to an action for malicious prosecution. 'Probable cause' has sometimes been defined as 'reasonable cause'; and in the case of both civil and criminal prosecutions has been further defined to be an honest suspicion or belief on the part of the instigator thereof, founded upon facts sufficiently strong to warrant the average person in believing the charge to be true." (*Murdock* v. *Gerth,* 65 Cal.App.2d 170, 178, 179 [150 P.2d 489].) Advice of counsel, acted upon in good faith, after a full and fair disclosure of the facts, is a complete defense to the charge that there was no probable cause. Whitworth's attorney testified to facts establishing such defense, and the only evidence to rebut such testimony was the deposition of Lotts, on file in the original municipal court action, to the effect that the alleged conversations referred to in the offer of proof never took place. Whether such conversations actually occurred was not determined in the original suit, nor did respondent offer any evidence of their falsity in the present action. The original cause was disposed of solely on the ground that such conversations, if they took place, afforded no basis for recovery. It must be held, therefore, that such lack of probable cause as is required to support an action for malicious prosecution was not shown in the instant case.

The judgment is reversed.

York, P. J., and Doran, J., concurred.