Henry J. FROLICH, d/b/a Encino Chemicals, Plaintiff-Appellant,

v.

MILES LABORATORIES, INC., Defendant-Appellee.

No. 18279.

United States Court of Appeals Ninth Circuit.

April 10, 1963.

Henry J. Frolich, Encino, Cal., in pro. per.

Woodson, Pattishall & Garner and William T. Woodson, Chicago, Ill., Lyon & Lyon and Reginald E. Caughey, Los Angeles, Cal., for appellee.

Before BARNES, MERRILL and BROWNING, Circuit Judges.

BARNES, Circuit Judge.

This is an appeal from the granting of a summary judgment by the trial court. It is a diversity case. (Facts supporting diversity jurisdiction were pleaded, but not that it was such a case.) Defendant-appellee herein originally (in another action) sued plaintiff-appellant herein to enjoin Frolich's use of the trademark "Milk-O-Seltzer," alleging infringement with Miles Laboratories' "Alka-Seltzer" trademark. The district court found no infringement (195 F. Supp. 256). This court affirmed in a split decision (296 F.2d 740). Petition to the Supreme Court of the United States for certiorari was denied (369 U.S. 865, 82 S.Ct. 1030, 8 L.Ed.2d 84).

Frolich then filed this "damage suit" against Miles Laboratories, arising from the unsuccessful action for infringement filed by Miles Laboratories, and the cost to Frolich of defending that suit, both in "valuable time and much money." Frolich "prays" for no relief, but his complaint asks for over a million dollars in damages, and contains a "Conclusion".[1] Appellant Miles Laboratories, Inc., pleaded in defense:

(a) Its previous successful attacks, either in the courts or before the Patent Office, on the use, as an infringing use,

1. "CONCLUSION"

"The Defendant has broken almost every Law of justice ever dreamed of in these United States.

"If people like Miles Laboratories, Inc., would be allowed to continue these unlawful actions against the citizens of the United States at random on such stupid and childishly ridiculous charges as the Defendant sued the Plaintiff on, we the people of the United States have already lost our freedom.

"Plaintiff repeats again. How of all people the Miles Laboratories, Inc., who took the 'Alka' from 'Alka Zane' and the 'Seltzer' from 'Bromo Seltzer' and almost overnight created a multi-million dollar business in the dead of the depression, could sue the Plaintiff for his use of the very common word 'Seltzer' is beyond any normal comprehension.

      "ENCINO CHEMICALS
      "By HENRY J. FROLICH
      "Owner"

of "Carba-Seltzer" (Miles Laboratories, Inc. v. Goodfriend, 1955, 106 U.S.P.Q. 336); "Foam-O-Seltzer" (Miles v. Starek, N.D.Ill., No. 15,544, 1938); "Vita-Seltzer" (Miles v. Vita-Seltzer Co., 1941, 48 U.S.P.Q. 427, 1943, American Bio-Chemical Corp. v. Coe, D.C., 51 F.Supp. 430); "Premo-Seltzer" (Miles v. Blackman & Blackman, 1935, Sup.Ct.N.Y., No. 11,704); and that it filed opposition to the registration of "Pepso-Seltzer" which was unsuccessful and dismissed. Miles Laboratories v. Pepsodent, 1939, 104 F. 2d 205, 26 CCPA 1272.

(b) That it had "probable cause" in initiating civil proceedings, without any request for restraining orders.

(c) That it had a lack of malice.

In support of its motion for summary judgment based upon the failure of plaintiff to set forth a cause of action, and the lack of any genuine issue of fact, Miles Laboratories alleged:

(1) It had probable cause to believe it had a cause of action;

(2) it had sought to adjudicate its claim to trademark protection only;

(3) it acted upon advice of counsel;

(4) it acted without malice;

(5) it had successfully prosecuted at least six somewhat similar trademark infringement cases, some of which were enumerated in its answer;

(6) this court had affirmed the trial court, but by a split decision.

■ The court below made Findings as to jurisdiction, the nature of the pending action (for malicious prosecution) based on the action allegedly wrongfully filed (for trademark infringement and unfair competition); that the Miles Laboratories had probable cause and acted on advice of counsel; and that "plaintiff appearing in propria persona stated orally in opposition to the motion for summary judgment that he knew that Miles Laboratories, Inc., did not maliciously bring the prior action that he was not relying upon malice to prove his cause of action." [2]

As Conclusions of Law, the court found defendant had probable cause to seek to adjudicate its claim; that there was no

2.  "FINDINGS OF FACT"
    "1. That the plaintiff is a citizen of the State of California and a resident, and resides in the Southern District of California, Central Division; that the defendant is a corporation organized and existing under and by virtue of the laws of the State of Indiana and is a citizen of said State.
    "2. That the Court has jurisdiction of the action by virtue of the diversity of citizenship of the parties and the fact that the amount in controversy exceeds the sum of Ten Thousand Dollars ($10,000), exclusive of interest and costs.
    "3. That the action herein is in substance an action for malicious prosecution because of the filing and prosecution of a previous action for trademark infringement and unfair competition entitled Miles Laboratories Inc. vs. Henry J. Frolich d.b.a. Encino Chemicals Civil Action No. 337-60-MC [195 F.Supp. 256] Southern District of California, Central Division.
    "4. That said Civil Action No. 337-60-MC was an action for infringement of the registered trademark ALKA-SELTZER by Miles Laboratories, Inc. for a medicinal remedy for headache and upset

stomach, and for unfair competition because of the sale by the plaintiff herein of his product for a medicinal remedy for headache and upset stomach which he sold under the trademark MILK-O-SELTZER.
    "5. That the Court held for said Henry J. Frolich 195 Fed.Sup. 256 in said action No. 337-60-MC and refused to enjoin his sale of his product sold under the trademark MILK-O-SELTZER; that the holding of the Court was affirmed by the Court of Appeals for the 9th Circuit, 296 Fed (2) 740, and certiorari denied by the Supreme Court of the United States, 369 U.S. 865 [82 S.Ct. 1030, 8 L.Ed.2d 84].
    "6. That the only question of fact which is raised by the pleadings is whether Miles Laboratories, Inc., the defendant herein, brought the prior suit without malice and with reasonable cause.
    "7. That this Court having heard the prior action, finds that the defendant, Miles Laboratories, Inc., had probable cause to bring the action.
    "8. That the affidavit of Lewis F. Bonham filed in support of defendant's motion for summary judgment, states that said action, No. 337-60-MC was filed on

malice; and no other material fact at issue.[3]

Plaintiff-appellant has throughout all litigation mentioned herein acted as his own attorney. He has done this shrewdly, and at least during part of it, successfully. At the hearing below of the motion for summary judgment,[4] he did state:

"Now I'm not going to try to prove in court that there was any malice by the directors of the company. I intend to prove that they did unjustly sue me * * *."

On oral argument before us, Mr. Frolich first says he did not say he did not intend to rely on malice, but if he did, he did not mean to say that—he intended to say there was no *criminal* malice. Further, that he was cut-off by the trial court when he tried to explain his layman's idea of the difference between "malice" and "criminal malice" in a civil suit "in the nature of a suit for malicious prosecution."

What Mr. Frolich's understanding of the difference might be is of little consequence here, because of the court's finding that probable cause existed for Miles Laboratories' bringing the litigation, and its finding of a lack of malice resting on much more than Mr. Frolich's inadvertent statement.

■ Mr. Frolich earnestly believes that because he won the first suit that there was no probable cause for Miles Laboratories' bringing it, and that its institution had to be the result of "non-criminal" malice. Not only did the court below find otherwise, but in our opinion it could have found in no other way, on the facts then before it and the applicable law. Rule 56(c) Fed.R.Civ.P. California law is applicable. Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. Cf. Restatement of Torts, § 674, et seq. Eastin v. Bank of Stockton, 1884, 66 Cal. 123, 4 P. 1106; Lotts v. Whitworth, 1946, 76 Cal.App.2d 601, 173 P.2d 823.

■ Actions for malicious prosecution are a disfavored action, for reasons of public policy. Haydel v. Morton, 1935, 8 Cal.App.2d 730, 48 P.2d 709; Sebastian v. Crowley, 1940, 38 Cal.App.2d 194, 202, 101 P.2d 120.

"There is nothing improper in bringing a civil suit for personal ends, and consequently it is necessary to prove either actual ill will or some ulterior purpose distinct from that of enforcement of the alleged cause of action." Restatement of Torts, § 676.

Witkin, Summary of California Law (6th Ed., p. 669).

Advice of counsel has "the usual effect of supplying probable cause." Restatement of Torts, § 675(b). Citizens State Bank v. Hoffman, 44 Cal.App.2d 854, 113 P.2d 221.

Mr. Frolich is as wrong now as he was right, in the opinion of the majority of this court, when he was heard on the ap-

---

advice of counsel and for the purpose of determining whether the registered trademark ALKA-SELTZER of the defendant was infringed by the acts of the plaintiff in selling his product under the mark MILK-O-SELTZER and the statements made in said affidavit are not rebutted in any manner in the showing made by the plaintiff opposing said motion.

"9. That the plaintiff appearing in propria persona stated orally in opposition to the motion for summary judgment, that he knew that Miles Laboratories, Inc., did not maliciously bring the prior action that he was not relying upon malice to prove his cause of action."

3. "CONCLUSIONS OF LAW"
"1. Defendant had probable cause for instituting and prosecuting said Civil Action No. 337–60–MC against plaintiff.
"2. That the defendant did not bring said action, No. 337–60–MC against plaintiff with malice.
"3. That there is no other genuine issue as to any material fact remaining in the action.
"4. That defendant is entitled upon this motion for summary judgment to a judgment dismissing the action."

4. The Transcript of Proceedings on such motion appears in the Transcript on Appeal, pp. 35–40.

**90**

peal of the original action. The trial court is as right on this appeal, when it ruled against Mr. Frolich, as it was in the opinion of the majority of this court when it originally favored him.

The summary judgment is *affirmed*.