MEMORANDUM *
Destiny Tool (“Destiny”), SGS Tools Company (“SGS”), and Dauphin Precision Tool, LLC (“Dauphin”), all manufacture and sell carbide end mills, precision cutting heads that have many industrial uses. SGS and Dauphin (collectively, “Defendants”) own U.S. Patent No. 5,049,009 (“the '009 patent”), which claims an improved rotary cutting end mill. In 2004, Defendants filed suit in the Northern District of Ohio alleging that Destiny’s products infringed the '009 patent. After the Ohio district court in 2006 granted Defendants’ motion to dismiss their suit with prejudice, Destiny filed suit in the Northern District of California accusing Defendants of malicious prosecution and abuse of process under state law, as well as monopolization and attempted monopolization under the Sherman Act. Destiny appeals from the district court’s dismissal of all four claims. Defendants cross-appeal from the district court’s resolution of subsidiary preemption, statute of limitation, and res judicata issues. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
I
We review de novo a dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Madison v. Graham, 816 F.3d 867, 869 (9th Cir.2002). A Rule 12(b)(6) dismissal may be based on either the “lack of a cognizable legal theory” or “the absence of sufficient facts alleged under a cognizable legal theory.” Balistreri v. Pacifica Police Dep’t, 901 F.2d 696, 699 (9th Cir.1990). We con-elude that the district court did not err in dismissing the state law claims because Destiny cannot satisfy the standards for malicious prosecution and abuse of process under Ohio law. We similarly conclude that the district court did not err in dismissing Destiny’s antitrust claims because they were compulsory counterclaims that Destiny should have raised in the Ohio patent infringement action.
A
The parties dispute whether the law of California or the law of Ohio applies to Destiny’s claims of malicious prosecution and abuse of process. When a federal court exercises supplemental jurisdiction over state law claims, it applies the choice-of-law rules of the forum state. Paracor Fin., Inc. v. Gen. Elec. Capital Corp., 96 F.3d 1151, 1164 (9th Cir.1996). The same is true when a federal court sits in diversity. Coufal Abogados v. AT & T, Inc., 223 F.3d 932, 934 (9th Cir.2000). Because Destiny filed its suit in the Northern District of California, California’s choice-of-law rules apply. In a tort action, California courts apply the governmental interest analysis. Kearney v. Salomon Smith Barney, Inc., 39 Cal.4th 95, 45 Cal.Rptr.3d 730, 137 P.3d 914, 917 (2006). Under this framework, a court first determines if there is a “true conflict” of law, and if so, proceeds to apply the law of the jurisdiction whose “interests would be more severely impaired if that jurisdiction’s law were not applied in the particular context presented by the case.” Id.
As all the parties acknowledge, a true conflict exists between the laws of California and Ohio with respect to claims of malicious prosecution and abuse of pro *322 cess. Both claims are significantly more difficult to establish in Ohio than in California as the former state requires proof of additional elements. Specifically, only Ohio requires seizure of person or property for a cognizable malicious prosecution claim. Compare Robb v. Chagrin Lagoons Yacht Club, 75 Ohio St.Sd 264, 662 N.E.2d 9, 13-14 (1996), with MacDonald v. Joslyn, 275 Cal.App.2d 282, 79 Cal.Rptr. 707, 710-11 (1969) (citing Eastin v. Bank of Stockton, 66 Cal. 123, 4 P. 1106, 1109 (1884)). Similarly, only Ohio requires in an abuse of process claim that the underlying action be “set in motion in proper form and with probable cause.” Compare Yaklevich v. Kemp, Schaeffer & Rowe Co., 68 Ohio St.3d 294, 626 N.E.2d 115, 118 (1994), with Spellens v. Spellens, 49 Cal.2d 210, 317 P.2d 613, 626 (1957).
Which state’s law governs therefore depends on which state’s interests would be more severely impaired if its law is not applied. Destiny relies on Bernhard v. Harrah’s Club, 16 Cal.3d 313, 128 Cal.Rptr. 215, 546 P.2d 719 (1976), to establish that California’s interests would be more severely impaired, whereas the Defendants rely on Engel v. CBS Inc., 981 F.2d 1076 (9th Cir.1993), to establish that Ohio’s interests would be more severely impaired. Although we agree with the district court that the question is a close one, we conclude that Ohio law governs the instant dispute. Admittedly, California has an obvious interest in protecting its citizens — in this case, Destiny — -from unwarranted and harassing litigation. But SGS is an Ohio corporation and, while SGS and Dauphin could likely have filed the original patent infringement lawsuit in any of a number of states, they chose to do so in Ohio. By enforcing stringent requirements for establishing claims of malicious prosecution and abuse of process, Ohio presumably seeks to limit the number of such claims filed against Ohio litigants. As in Engel, “[i]f a plaintiff can circumvent this requirement by filing his or her claim in a different forum, [Ohio]’s policy of limiting malicious prosecution [and abuse of process] actions, based on [Ohio] litigation, will be seriously impaired.” 981 F.2d at 1082.
As Destiny admitted below that it has not pleaded the additional elements of malicious prosecution and abuse of process required by Ohio law, the district court properly dismissed these claims under Rule 12(b)(6). Nor did the district court abuse its discretion in failing to provide Destiny an opportunity to amend the complaint, as “it is clear that the complaint could not be saved by any amendment.” Rubke v. Capitol Bancorp, Ltd., 551 F.3d 1156, 1167 (9th Cir.2009) (quoting Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir.2005)). With respect to its malicious prosecution claim, Destiny conceded at oral argument that, under Ohio law, it cannot establish the required element of seizure of person or property. See, e.g., Pheils v. Garber-Lawrence Publ’g Group, Inc., No. L-92-418, 1993 WL 513200, at *13 (Ohio Ct.App. Dec. 10, 1993) (unreported) (“We agree with the trial court that the payment of legal fees does not establish a seizure of property in a claim for civil malicious prosecution.”). And with respect to its abuse of process claim, Destiny explicitly and repeatedly alleges in its complaint that Defendants brought the Ohio action even though they “had no reasonable belief in the merits of the litigation,” an assertion that directly contradicts the Ohio requirement that the original proceeding have been brought with probable cause. See Yaklevich, 626 N.E.2d at 118.
B
The district court dismissed Destiny’s antitrust claims on the basis that, under *323 Sixth Circuit law, these claims were compulsory counterclaims in the Ohio patent infringement action. Destiny argues, without citation to any authority, that Ninth Circuit law applies to this question. We disagree. The original patent infringement litigation occurred in the Sixth Circuit, and thus Sixth Circuit law more logically applies. Cf. Springs v. First Nat’l Bank of Cut Bank, 835 F.2d 1293, 1295 (9th Cir.1988) (holding that whether a claim is a compulsory counterclaim that should have been raised in an earlier state action is a question of state law).
The Sixth Circuit has not specifically addressed whether an antitrust claim is a mandatory counterclaim in prior patent infringement litigation. See P & M Servs., Inc. v. Gubb, No. 07-12816, 2008 WL 4185903, at *5 (E.D.Mich. Sep.8, 2008) (holding, in the absence of guidance from the Sixth Circuit, that such a claim is permissive). Those circuits which have considered the issue are split. In Mercoid Corp. v. Mid-Continent Investment Co., the Supreme Court treated such an antitrust counterclaim as permissive. 320 U.S. 661, 671, 64 S.Ct. 268, 88 L.Ed. 376 (1944). The Fifth and Ninth Circuits have strictly followed Mercoid in refusing to hold any antitrust claim compulsory in the underlying patent infringement lawsuit. Tank Insulation Int’l, Inc. v. Insultherm, Inc., 104 F.3d 83, 88 (5th Cir.1997); Hydranautics v. FilmTec Coup., 70 F.3d 533, 536-37 (9th Cir.1995). Other circuits, however, have interpreted Mercoid’s holding more narrowly by concluding that, with respect to patent infringement litigation, an antitrust counterclaim is permissive where based on patent misuse, but compulsory where based on patent invalidity. See, e.g., Critical-Vac Filtration Corp. v. Minuteman Int’l, Inc., 233 F.3d 697, 702-04 (2d Cir.2000); see also Genentech, Inc. v. Regents of the Univ. of Cal., 143 F.3d 1446, 1455-56 (Fed.Cir.1998), vacated on other grounds, 527 U.S. 1031, 119 S.Ct. 2388, 144 L.Ed.2d 789 (1999).
In determining whether a counterclaim is compulsory under Rule 13(a), the Sixth Circuit generally applies the “logical relationship” test. Sanders v. First Natl. Bank & Trust Co. in Great Bend, 936 F.2d 273, 277 (6th Cir.1991). This approach looks to “whether the issues of law and fact raised by the claims are largely the same and whether substantially the same evidence would support or refute both claims.” Id. Destiny’s theory of antitrust liability is based on its allegation that Defendants fraudulently procured the '009 patent. Destiny raised the same inequitable conduct allegation in support of its motion for summary judgment in the Ohio patent infringement litigation. Thus, although the antitrust and patent, infringement claims are grounded in different statutes, they raise many of the same legal, factual, and evidentiary issues. Judicial economy and efficiency counsel analysis of these issues in a single proceeding. See Maddox v. Ky. Fin., Co., 736 F.2d 380, 383 (6th Cir.1984). Applying the logical relationship test, we therefore conclude that the district court did not err in dismissing Destiny’s antitrust counterclaims on the basis that they should have been filed in the Ohio action.
Destiny nonetheless argues that it did not have sufficient knowledge of Defendants’ misdeeds to include an antitrust counterclaim in its Ohio answer. However, it did not seek to amend its counterclaim to include antitrust allegations until more than a year after the Ohio action was filed. We refuse to now reward Destiny for sleeping on its rights.
II
In their cross-appeal, Defendants argue for dismissal of Destiny’s claims based on *324 preemption, the Sherman Act’s statute of limitation, and res judicata. Because we affirm the district court on the grounds described above, we decline to reach the merits of Defendants’ cross-appeal.
Ill
We AFFIRM the district court’s order granting Defendants’ motion to dismiss Destiny’s complaint. Each party is to bear its own costs.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.