Burke, J.
Plaintiff, in Ontario, Canada, went to Lake Erie and encamped on a beach in front of defendant’s house. Defendant, claiming title to the beach, had plaintiff arrested and charged with trespass pursuant to the Petty Trespass Act. After a three-hour trial, the Ontario Magistrate’s Court declined jurisdiction. The holding was based on subdivision 3 of the Petty Trespass Act, which provides as follows: “ Nothing in this Act shall authorize any justice of the peace to hear and determine any case of trespass in which the title to land, or to any interest therein, is called in question or affected; but every such case shall be dealt with according to law in the same manner as if this Act had not been passed ” (R.S.O., 1950, ch. 275):
This action, alleging false arrest, false imprisonment, malicious prosecution, invasion of privacy and invasion of civil rights, followed. Defendant moved to dismiss upon a defense founded on documentary evidence and submitted the Canadian judgment. Special Term denied the motion in all respects. It found the documentary evidence insufficient and held that the doctrine of lex loci delictus would apply. The Appellate Division modified by striking the third cause of action on the ground that a cause of action for malicious prosecution could not be maintained in the absence of a determination on the merits.
*159 On the basis of the law of Ontario, which we find applicable, the judgment of the Ontario Magistrate’s Court is sufficient documentary evidence (CPLR 3211, subd. [a], par. 1) to establish a defense to the cause of action for malicious prosecution which has been dismissed.
The choice of law question must be resolved in favor of the application of the law of Ontario. The prosecution in issue was for trespassing on land in that province, and plaintiff is claiming that defendant used its legal machinery maliciously. " In such a case, it is appropriate to look to the law of the place of the tort so as to give effect to that jurisdiction’s interest in regulating conduct within its borders, and it would be almost unthinkable to seek the applicable rule in the law of some other place ’ ’ (Babcock v. Jackson, 12 N Y 2d 473, 483; see, also, Tooker v. Lopez, 24 N Y 2d 569, 572-573; Miller v. Miller, 22 N Y 2d 12, 19).
The declination of jurisdiction by the Ontario court does not provide the basis for a malicious prosecution action (Grimes v. Miller, 23 O.A.R. 764). Indeed the termination of the proceeding was so inconclusive that it shows an absence of prosecution. A recent Ontario case indicating that the prosecution therein was not nugatory because of ‘ ‘ the very wide powers of amendment possessed by a Magistrate by whom the defects in the information could have been remedied ” (Romegialli v. Marcean, [1964] 1 O.R. 407, 408) is inapposite. According to subdivision 3 of the Petty Trespass Act, this Ontario court was without jurisdiction “to hear and determine” the case (R.S.O., 1950, ch. 275). Thus, the court could not, as in Romegialli (supra), remedy the jurisdictional defect. If we read the complaint as being one in trespass — a proceeding which would lie in Ontario — the plaintiff may establish such facts under one or- several of the four other causes of action which have been sustained, i.e., false arrest, false imprisonment, invasion of privacy and violation of civil rights.
Were we to consider the issue from a New York point of view, we would nevertheless reach the same result, albeit on a slightly different theory. “ A malicious prosecution is one that is begun in malice, without probable cause to believe it can succeed, and which finally ends in failure ” (Burt v. Smith, 181 N. Y. 1, 5 [emphasis supplied]; see, also, Restatement, Torts, § 653). Thus, *160 one of the elements to a malicious prosecution action is the favorable termination of the prior prosecution. “ It is a kind of precondition to the later action, the sine qua non” (Munos v. City of New York, 18 N Y 2d 6, 10). Neither of the two rules which have been stated for ascertaining the sufficiency of the termination (Levy’s Store v. Endicott-Johnson Corp., 272 N. Y. 155, 162; Halberstadt v. New York Life Ins. Co., 194 N. Y. 1, 10-11) is squarely applicable, for neither speaks of a dismissal for want of jurisdiction. But the reasoning which led to the distinct rules indicates that an action should not be permitted in these circumstances. An action may not be maintained if the prior prosecution does not “ fairly impl[y] lack of a reasonable ground for the prosecution ” (Levy’s Store v. Endicott-Johnson Corp., supra; Halberstadt v. New York Life Ins. Co., supra). And the prior discharge for want of jurisdiction has no tendency to prove lack of probable cause (Restatement, Torts, § 663, comment d; see, also, 52 Am. Jur. 2d, Malicious Prosecution, § 36).
Moreover, the recommended resolution is supported by the public policy which mandates “ that all persons should feel secure in the right to resort to courts for the apprehension and punishment of crimes ” (Rawson v. Leggett, 184 N. Y. 504, 512; Burt v. Smith, 181 N. Y. 1, 5, supra). In addition, a requirement of a termination involving the merits is consistent with our policy against “ two judgments between the same parties directly in conflict upon the same issue ” (Hauser v. Bartow, 273 N. Y. 370, 375; see, also, 52 Am. Jur. 2d, Malicious Prosecution, § 29).
Accordingly, the order of the Appellate Division should be affirmed.