**MISS UNIVERSE, INC., a California Corporation, Plaintiff,**

**v.**

**William FLESHER, Fran Flesher, Mel Lynn, and Treehouse Fun Ranch, Inc., a California Corporation, Defendants.**

**No. CV 77–1276–AAH.**

United States District Court,
C. D. California.

June 20, 1977.

Robert E. Hinerfeld and Wallace L. Rosvall, Murphy, Thornton, Hinerfeld & Cahill, Los Angeles, Cal., for plaintiff.

James W. Geriak and Thomas D. Kiley, Lyon & Lyon, Los Angeles, Cal., for defendants William Flesher, Fran Flesher, Melvin Lynn (sued herein as "Mel Lynn"), and Treehouse Fun Ranch, Inc., a California corporation.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW RE PRELIMINARY INJUNCTION

HAUK, District Judge.

This Court having considered the extensive declarations, affidavits, and memoranda of law filed by the parties, having considered the oral arguments of counsel, and being fully satisfied in the premises, now makes its Findings of Fact and Conclusions of Law, pursuant to Rule 52, F.R.Civ.P., and Local Rule 7, as follows:

### FINDINGS OF FACT

1. Plaintiff is a California corporation, with its principal place of business in the City of New York, State of New York. Defendants William and Fran Flesher are

husband and wife, officers of defendant Treehouse Fun Ranch, Inc., a California corporation [hereinafter sometimes "Treehouse"], and the responsible managing agents of Treehouse in charge of Treehouse's beauty pageants, variously known as MISS NUDE U.S.A. Beauty Pageant, MS. NUDE U.S.A. Beauty Pageant, and MISS NUDE INTERNATIONAL Beauty Pageant. Defendant Lynn is the director of defendant Treehouse's 1977 beauty pageants promoted under the names MISS NUDE U.S.A., MS. NUDE U.S.A., and MISS NUDE INTERNATIONAL. All of the defendants reside and do business within the Central District of California.

2. Continuously since 1952, plaintiff has promoted an annual beauty pageant under the service mark MISS U.S.A. Beauty Pageant, from which the winner, known as MISS U.S.A. and MISS UNITED STATES, can enter another beauty pageant produced by plaintiff, known as the MISS UNIVERSE Beauty Pageant. The contestants in the MISS U.S.A. Beauty Pageant are drawn from each of the 50 States and the District of Columbia, with a representative unmarried female contestant coming from each jurisdiction to each annual MISS U.S.A. Beauty Pageant.

3. Plaintiff's MISS U.S.A. Beauty Pageant has been broadcast on the CBS Television Network annually since 1965, sponsored by Procter & Gamble Company. In the Spring of 1976, the pageant was seen by an estimated viewing audience exceeding 60,000,000 people. The annual MISS UNIVERSE Beauty Pageant, in which MISS U.S.A. participates as a contestant, involves female contestants representing many nations. The international pageant is televised annually by Atlantic and Pacific satellite to an estimated viewing audience of 500,000,000 people in more than 40 countries. The total annual sponsor cost of the MISS U.S.A. and the MISS UNIVERSE Beauty Pageants exceeds $2,000,000.

4. The beauty queens selected in plaintiff's annual pageants are judged upon qualities such as congeniality, beauty, intelligence, and background.

5. It is the policy and practice of plaintiff to conduct its MISS U.S.A. and MISS UNIVERSE Beauty Pageants in good taste and in a clean and wholesome manner. These pageants are dependent upon the goodwill of the contestants and their parents, many of whom would be likely to object if their daughters entered a MISS U.S.A. Beauty Pageant which they thought to have any relation to a MISS NUDE U.S.A. Beauty Pageant. In addition, the standards of the television broadcasting industry and of plaintiff's telecast sponsors oblige plaintiff to maintain a high moral tone to its beauty pageants and all associations therewith in the public mind.

6. Plaintiff is the owner of the following trademarks, registered in the years indicated:

6.1. MISS UNIVERSE (# 620,557) 1956

6.2. MISS U.S.A. (# 810,421) 1966

6.3. MISS U.S.A. BEAUTY PAGEANT (# 847,877) 1968

7. Plaintiff is the owner of the following servicemarks, registered in the years indicated:

7.1. MISS U.S.A. (# 808,974) 1966

7.2. MISS UNITED STATES OF AMERICA (# 808,975) 1966

8. Plaintiff derives considerable income from its pageant and telecast sponsors and from fees derived from endorsements of products and personal appearances by its MISS U.S.A. title-holders.

9. Defendants Flesher and Treehouse have promoted a beauty pageant in the County of San Bernardino in June of 1973, 1974, 1975, and 1976 under the name MISS NUDE U.S.A. Beauty Pageant. A majority of the contestants in those pageants were, at the time of competing, residents of the State of California. In none of the contests was there more than 27 contestants. Most of the States have not been represented by a contestant in any MISS NUDE U.S.A. Beauty Pageant. The entry rules for that contest have never required contestants to reside in, or be nationals, of the United States of America. Until restrained by this

Court's order, dated 7 April 1977, those defendants and defendant Lynn were publicizing promotion of a contest under the name MS. NUDE U.S.A. Since 17 April 1977, defendants have begun to promote a beauty pageant for the same time and place formerly assigned by them to the MS. NUDE U.S.A. Beauty Pageant. The new pageant uses a name formerly used by defendants Treehouse and Flesher for a beauty pageant promoted by them prior to 1976, viz. MISS NUDE INTERNATIONAL Beauty Pageant.

10. On or about 13 July 1976, plaintiff's counsel having learned of defendants' MISS NUDE U.S.A. Beauty Pageant from local radio publicity in Los Angeles on 28 June 1976, plaintiff gave written notice to defendants Treehouse and Flesher to desist from using the name MISS NUDE U.S.A. because of infringement upon the registered marks of plaintiff. Having received no response from defendants, on 13 September 1976, plaintiff's counsel contacted defendant William Flesher by telephone, and confirmed that conversation by letter of even date. Still receiving no response from defendants or their counsel, on 9 February 1977, plaintiff's counsel again wrote defendants Treehouse and Flesher demanding a reply re defendants' intentions with respect to the continued infringement of plaintiff's registered marks. Further attempts at telephonic contact with defendant William Flesher proved fruitless. This action and the temporary restraining order of 7 May 1977 followed as a result of defendants' refusal to (i) accede to plaintiff's demand to abandon the infringing mark and (ii) respond to plaintiff's written and telephonic inquiries on defendants' intentions.

11. In view of the prolonged and intensive national and international publicity given to plaintiff's marks—MISS U.S.A. Beauty Pageant, MISS U.S.A., and MISS UNITED STATES—there is a likelihood of confusion of source and a likelihood of dilution of plaintiff's marks so long as defendants, or any of them, promote a beauty pageant under the names MISS NUDE U.S.A. or MS. NUDE U.S.A.

12. Plaintiff has suffered and will continue to suffer irreparable harm so long as defendants, or any of them, have promoted and continue to promote beauty pageants under the names MISS NUDE U.S.A. or MS. NUDE U.S.A.

13. Defendants' economic investment in the names MISS NUDE U.S.A. and MS. NUDE U.S.A. is *de minimis.* Moreover, defendants elected voluntarily to destroy posters promoting the MS. NUDE U.S.A. Beauty Pageant for 1977 and to replace them with posters for the MISS NUDE INTERNATIONAL Beauty Pageant to be held at the time and place previously advertised by defendants for the MS. NUDE U.S.A. event.

14. The balance of equities favors restraint of defendants' continued use of the names MISS NUDE U.S.A. and MS. NUDE U.S.A. in order to protect plaintiff's substantial investment over many years in its well-known and highly regarded registered marks.

15. So long as defendants, or any of them, make reference to "U.S.A.," "United States," or "United States of America" in their servicemark or trademark for a beauty pageant and/or beauty pageant titleholder denominated as MISS or MS., and any word is interposed between MISS and U.S.A. (or similar regional or national designation for this nation), in order to differentiate the mark from plaintiff's marks, there is a likelihood of confusion and a likelihood of dilution of plaintiff's marks if the word interposed between MISS and U.S.A. is an adjective or other word modifying U.S.A., rather than the semantic focus of the mark.

16. Defendants have represented that they will adopt the mark MISS (or MS.) NUDE-U.S.A. In order to avoid infringement and/or dilution of plaintiff's marks, the hyphen must appear and be used in all of defendants' written, printed, film, tape, radio, television, graphic, and oral advertising and publicity concerning their beauty pageant.

17. No security is required to be posted by plaintiff, because of the *de minimis* im-

...age of the ... questions raised defendants' further ... ... action.

... Any finding of Fact herein which may ... a conclusion of law is hereby ... also ... a conclusion of law.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of this civil action pursuant to the Trademark Act of 5 July 1946, as amended (15 U.S.C. §§ 1051, et seq.) section 1338 of the Judicial Code (42 U.S.C. § 1338), and the doctrine of pendent jurisdiction with respect to the substantial and related claim of unfair competition ... ... relation.

2. ... defendants and each of them, ... with the ... judicial jurisdiction of the Court, in that each of them resides and ... business within this district. All of the defendants have appeared in the action through counsel.

3. Plaintiff's registered servicemarks and trademarks described above (Findings 6 and 7) at all times material to this action have been and are valid marks registered in the principal register of the Commissioner of Patents.

4. There is inherent confusion of source and dilution of plaintiff's registered marks in defendants' use of the marks MISS NUDE U.S.A. and MS. NUDE U.S.A. in connection with the promotion of a beauty ... ...

5. Plaintiff is entitled to injunctive relief restraining defendants, and each of them, and their officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, from:

5.1. Using the designations "MISS NUDE U.S.A.," or "MS. NUDE U.S.A." in any manner or otherwise infringing plaintiff's servicemark "MISS U.S.A.," and plaintiff's trademark "MISS U.S.A. BEAUTY PAGEANT", and from unfairly competing with plaintiff by the use of such marks;

5.2. Publishing, circulating, distributing, selling, merchandising, or pandering any labels, signs, prints, boxes, packages, wrap-

pers, receptacles, advertisements, posters, circulars, brochures, handbills, catalogs, publicity releases, magazines, stationery, booklets, books, pamphlets, films, audio recordings, video recordings, T-shirts, and any other items in their possession or under their control which contain the designation "MISS NUDE U.S.A.," or "MS. NUDE U.S. A.," or any other designation which infringes upon plaintiff's trademarks or servicemarks; and

5.3. Making, producing, presenting, and/or distributing any film, stage presentation, contest, pageant, or other public event, in such manner as to appropriate, employ, or otherwise use, directly or indirectly, plaintiff's trademark, "MISS U.S.A. BEAUTY PAGEANT," or plaintiff's servicemark "MISS U.S.A.," or plaintiff's goodwill, reputation, or marketing image or in any manner so as to injure plaintiff in its business, trade, and occupation or its property rights therein; or to impugn, defame, or degrade, plaintiff's reputation, goodwill, or marketing image, or to degrade plaintiff's business, or persons associated with plaintiff's business, or to cause the public to hold plaintiff in hatred, scorn, ridicule, contempt, disgrace, or other form of disrepute, and thereby to interfere with plaintiff's business, trade, occupation, or property.

6. Nothing contained herein shall be deemed to prevent defendants, or any of them, from using the mark "MISS NUDE-U.S.A." or "MS NUDE-U.S.A." in the course of the promotion and/or publicizing of defendants' pageant and the title-holder thereof, *provided* that the word "NUDE" is used, whether in writing or orally, as a *noun* rather than as an adjective, and further *provided* that defendants, and each of them, shall make it plain in every oral and written use of the mark that a hyphen separates the words "NUDE" and 'U.S.A.". In all oral references to, or uses of, the mark "MISS NUDE-U.S.A." and/or "MS. NUDE-U.S.A", if any, defendants, and each of them, shall state plainly the words "MISS NUDE HYPHEN U.S.A." or "MS. NUDE HYPHEN U.S.A.". At defendants' option, the word "DASH" may be used in

lieu of "HYPHEN" in oral references to the subject marks.