OPINION OF THE COURT
Thomas J. Lowery, Jr., J.
The claim seeks to recover damages against the State of New York for an alleged false arrest, false imprisonment, malicious prosecution of the claimant, and for an assault upon his person, by a State trooper.
On the evening of July 7, 1974, as the claimant was approaching the tollbooth at Exit 46 of the New York State Thruway, a State trooper’s vehicle, suddenly and without warning, made a U-turn in front of his car. The claimant applied his brakes, blew his horn, and shook his fist at the trooper, whereupon the trooper pulled him over. The stop was made solely to ask the claimant why he blew his horn and not for a violation of any law. The claimant responded to the inquiry by berating the trooper for making the U-turn without signaling. Obviously not impressed with the claimant’s attitude, the trooper then demanded to see the claimant’s license, registration, and insurance identification card. All were produced, except for the insurance card. Because of this, the trooper advised the claimant that he would have to issue him an "appearance ticket”. The trooper, instructing the claimant to follow, proceeded to a point on West Henrietta Road, where the vehicles were parked approximately three feet off the highway. While the trooper was writing out the ticket, the claimant located his insurance card and tossed the card at the trooper through his open window. The trooper, believing that the claimant had intended to cause him additional work, directed the claimant to return to his vehicle. When he refused, the trooper again ordered his return, whereupon the claimant walked back between the two vehicles. A heated *591 exchange ensued, during which the claimant was placed under arrest, handcuffed, frisked, and forcibly placed in the trooper’s vehicle. With the exception of the arrest, these events were unwitnessed. He was then taken to a State Police substation, where he was photographed and fingerprinted.
Thereafter, he was arraigned before a Town Justice on separate informations filed by the arresting officer, charging him with a violation of section 240.20 of the Penal Law (disorderly conduct), a violation of section 1102 of the Vehicle and Traffic Law (refusing to comply with a lawful order of a police officer), and a violation of section 205.30 of the Penal Law (resisting arrest). The claimant pleaded not guilty, posted bail and was released approximately two to three hours after his arrest. On February 27, 1975 the aforesaid charges were dismissed on the grounds that they were not timely prosecuted. (CPL 30.30, 170.30.)

False Imprisonment and False Arrest

The tort of false arrest is essentially the same as the tort of false imprisonment (Houghtaling v State of New York, 11 Misc 2d 1049), and every false arrest is itself a false imprisonment, with the imprisonment commencing with the arrest. (Baisch v State of New York, 76 Misc 2d 1006.)
Since the arrest here was made without a warrant, the claimant has established a prima facie case of false arrest and imprisonment and the defendant has the burden of proving justification as an affirmative defense. To do so, the officer must demonstrate that he had probable cause for the arrest. (Broughton v State of New York, 37 NY2d 451.) This depends upon an analysis of the crimes and/or offenses alleged to have been committed and contained in the information filed with the court. (Pawloski v State of New York, 45 Misc 2d 933.)
Applying the reasonable and prudent person test (see Dillard v City of Syracuse, 51 AD2d 432), the court finds that the claimant’s conduct did not afford the trooper probable cause to arrest for a violation of either section 240.20 of the Penal Law, or section 1102 of the Vehicle and Traffic Law. Further, section 205.30 of the Penal Law cannot, by logical necessity, provide justification for the trooper’s conduct since there can be no violation of this section unless there was a lawful arrest to begin with. (See People v Stevenson, 31 NY2d 108.)
Therefore, the court concludes that the arrest herein was *592 not justified, hence, there exists a cause of action for. false arrest and false imprisonment.

Assault and Battery

The rule here is that any use of force during the commission of an unlawful arrest is actionable. (Varin v State of New York, Ct of Claims, Nov. 7, 1977, Lengyel, J.; see, also, Chapman v Selover, 172 App Div 858, revd on other grounds 225 NY 417; Pawloski v State of New York, 45 Misc 2d 933, supra.)
In the present case, since the arrest was unlawful, a technical assault and battery occurred when the claimant was handcuffed and forcibly placed in the State Police car.

Malicious Prosecution

The defendant attacks this cause of action on jurisdictional grounds. It contends that although the "notice of intention”, filed in this matter on October 4, 1974, was otherwise timely, it was premature in respect to the claim for malicious prosecution, since the same did not accrue until February 27, 1975, the date on which the criminal proceeding terminated. It is argued that, since the claimant failed to file a "notice of intention” or "claim” within 90 days from this date, the filing of the claim, on June 25, 1976, was not in accordance with subdivision 3 of section 10 of the Court of Claims Act.
No contention is advanced here that the "notice of intention” did not give the required notice of the transactions on which the claim for malicious prosecution was based. In fact, with the exception of the technical date of accural, it did give such notice. Rather, it is argued that the alleged premature filing did not toll the Statute of Limitations,[1] and thus did not give the claimant the benefit of the statutory two-year period to file his claim pursuant to subdivision 3 of section 10 of the Court of Claims Act.
Although there are no cases directly on point, the court believes that the rule here is otherwise. In Mastandrea v State of New York (57 AD2d 679), it was held that a filing of a claim for false arrest tolled the Statute of Limitations on all causes *593 of action arising from the facts set forth therein. Therefore, the court allowed an amendment to a claim for false arrest to include a cause of action for malicious prosecution which had accrued subsequent to the original filing, even though the motion was made more than one year after the accrual of the latter cause of action. The rationale was that the latter cause of action related back to the same facts that gave rise to the action for false arrest and for which the State had already received notice. Further, a timely filed "notice of intention” is tantamount to the filing of a "notice of claim” for the purpose of tolling the statute. (Bensen v State of New York, 88 Misc 2d 1035.) The court must conclude that the filing of the "notice of intention” was sufficient to toll the Statute of Limitations with respect to all actions arising from the facts set forth therein, including the cause of action for malicious prosecution.[2] Therefore, this claim, filed within two years from the filing of the notice of intention, is timely.
The essential elements of malicious prosecution were stated in Munoz v City of New York (18 NY2d 6, 9), where the court, quoting from Burt v Smith (181 NY 1, 5), stated: "A malicious prosecution is one that is begun in malice, without probable cause to believe it can succeed, and which finally ends in failure.” (See, also, Broughton v State of New York, 37 NY2d 451, 457, supra.)
The defendant does not dispute the fact that a criminal proceeding was commenced against the claimant. This was accomplished by the trooper filing the "informations” with the court. (See Martin v City of Albany, 42 NY2d 13.) However, the defendant contends that the claimant has failed to prove each of the remaining elements which are necessary to establish the tort of malicious prosecution.
It is generally recognized by numerous authorities that, before one can maintain an action for malicious prosecution, the prior criminal proceeding must have terminated in his favor. (Prosser, Torts [4th ed], § 119, p 838; 52 Am Jur 2d, Malicious Prosectuion, § 29.) The reason for this rule is to avoid parallel litigation over the elements of probable cause or guilt, either of which suffices as a defense to the tort action. *594 (52 Am Jur 2d, Malicious Prosecution, § 29, p 205; see, also, Hauser v Bartow, 273 NY 370.)
The defendant contends that the prior termination here, for want of prosecution, was not favorable to the claimant.. It relies on dicta in Heaney v Purdy (29 NY2d 157),[3] in which the court set out the principle that if the termination of the prior criminal proceeding does not fairly imply a lack of probable cause, it cannot be considered favorable.
If the principle expressed in Heaney v Purdy (supra) was to be interpreted literally, without an understanding of the context in which it was developed and its intent, the defendant’s argument would appear to have merit. However, an examination of the principle’s origin reveals otherwise.
The principle was first stated in Halberstadt v New York Life Ins. Co. (194 NY 1, 10-11), where the court sought to set forth a single, comprehensive rule for determining the sufficiency of a prior termination. When the court examined the facts of the then existing cases, it found that the prior criminal terminations, therein, fell within two categories, which were characterized by the following sufficiency rules: "The first one is that where a criminal proceeding has been terminated in favor of the accused by judicial action of the proper court or official in any way involving the merits or propriety of the proceeding or by a dismissal or discontinuance based on some act chargeable to the complainant as his consent or his withdrawal or abandonment of his prosecution, a foundation in this respect has been laid for an action of malicious prosecution. The other and reverse rule is that where the proceeding has been terminated without regard to its merits or propriety by agreement or settlement of the parties or solely by the procurement of the accused as a matter of favor or as the result of some act, trick or device preventing action and consideration by the court, there is no such termination as may be availed of for the purpose of such an action.” In an effort to distinguish the "obvious” differences between the two categories, the court sets forth the subject principle. This principle, when applied in its original context, would bar only those cases which fall within the second category, and this the court believes was its intent. The rationale for this is apparent, for in such cases the circumstances of the prior termination implies probable cause and the accused should not be allowed to benefit therefrom.
*595 Therefore, to exclude cases, such as the one here, which do not fall within the second category would be inappropriate, since it would over extend the original intent of the Halberstadt rule. This conclusion is supported by the holding in Reit v Meyer (160 App Div 752), which specifically found that a dismissal for lack of a speedy trial was a sufficient termination on which to base an action for malicious prosecution. (See, also, Gastman v Myer, 285 App Div 611.)
In sum, the principle expressed in Heaney v Purdy (supra) will not be adopted here, and the court finds that the prior criminal proceeding herein was terminated in the claimant’s favor.
The court further finds that the claimant has established the element of a lack of probable cause for the prior criminal proceeding. Although the burden of proof differs, the reasons for this finding are substantially the same as those that led the court to conclude that there was no probable cause for the arrest.
The final element that the claimant must prove is "actual malice.” (Broughton v State of New York, 37 NY2d 451, supra.) This is a question of fact and may be inferred from a lack of probable cause for the prior criminal proceeding. (Martin v City of Albany, 42 NY2d 13, 18, supra.) Here, probable cause was so totally lacking that the court is compelled to conclude that the proceeding was maliciously instituted. Indeed, in the present case, it would appear that the criminal proceeding was instituted out of spite, rather than to see that the ends of justice were served. (See Nardelli v Stamberg, 44 NY2d 500.)
Therefore, since all of the necessary elements have been established, there exists a cause of action for malicious prosecution.

Damages and Award

The claimant, as a result of his false arrest and imprisonment, is entitled only to compensatory damages for his wrongful detention, which are limited herein to mental anguish, shame, and humiliation. Any other personal injuries, which resulted from the claimant’s unlawful arrest, and/or technical assault, are considered herein to be de minimis and, hence, no damages are included in the award hereinafter made.
With regard to the malicious prosecution, the court finds that the claimant is entitled to compensatory damages, which *596 shall be limited to mental anguish, shame, and humiliation.[4] In addition, special damages in the amount of $500 were incurred by the claimant for counsel fees in the defense of the prior criminal proceeding, for which he is entitled to be reimbursed.
The court notes that the claimant does not seek punitive damages herein. Notwithstanding, the court finds that the trooper’s conduct was not so egregious as would support such award. In any such case, there is no evidence that the defendant employed an unfit police officer or that it authorized or ratified the willful, wanton, or malicious acts of the arresting officer herein; hence, any assessment of punitive damages is not justified. (Mastrodonato v Town of Chili, 39 AD2d 824.)
In accordance with the foregoing decision, the claimant is awarded the sum of $2,000 for all damages sustained.

. This applies to both the 90-day period provided for in subdivision 3 of section 10 of the Court of Claims Act, and the one-year period provided for under CPLR 215 (subd 3), within which a motion for permission to late file a claim must be made pursuant to subdivision 6 of section 10 of the Court of Claims Act.

. The court notes that the filing of a "notice of intention” in advance of technical accrual has been held effective to preserve a party’s rights against the State. (See Atlantic Mut. Ins. Co. v State of New York, 50 AD2d 356, affd 41 NY2d 884; Matter of Johnson v State of New York, 49 AD2d 136.) However, in these cases, the paramount issue was one of standing.

. In this case, the prior criminal proceeding was terminated for want of subject matter jurisdiction.

. Although there is substantial identity in respect to the damages sustained as a result of the false arrest, false imprisonment, and malicious prosecution, these damages are not duplicated in the court’s award.