**BUITONI FOODS CORPORATION,**
**Plaintiff-Appellee-Cross-Appellant,**

v.

**GIO. BUTON & C. S.p.A.,**
**Defendant-Appellant-Cross-Appellee.**

**Nos. 1064, 1065, Dockets 81–7887, 82–7049.**

United States Court of Appeals, Second Circuit.

Argued April 19, 1982.

Decided May 24, 1982.

G. Franklin Rothwell, Bernard, Rothwell & Brown, Washington, D. C., for defendant-appellant-cross-appellee.

Guy W. Shoup, Wyatt, Gerber, Shoup, Scobey & Badie, New York City (Eliot S. Gerber, New York City, of counsel), for plaintiff-appellee-cross-appellant.

Before OAKES, CARDAMONE, and WINTER, Circuit Judges.

PER CURIAM:

This appeal from a judgment of the United States District Court for the Eastern District of New York, Thomas C. Platt, Jr., Judge, involves a trademark infringement claim by Gio. Buton & C. S.p.A. (Buton), an Italian producer of brandies, liqueurs, and aperitif wines, against Buitoni Foods Corporation (Buitoni), a producer of Italian-style foods. Buton has exported vermouth and VECCHIA ROMAGNA brandy to the United States since 1961, and ROSSO ANTICO aperitif wine since 1976. Buton has registered its ROSSO ANTICO trademark, and has a registration application pending for the trademark BUTON. Buitoni, which has registered the BUITONI trademark both for Italian-style foods and for wines, began marketing table wines in 1975. Further facts about the two companies and their businesses are amply set forth in the appendix to the opinion below. *See Buitoni Foods Corp. v. Geo. Buton & C. S.p.A.*, 530 F.Supp. 949, 959–73 (E.D.N.Y.1981).

Buton petitioned for cancellation of Buitoni's trademark registration for wine before the Trademark Trial and Appeal Board (TTAB) of the United States Patent and Trademark Office in May 1977. The TTAB panel ordered the registration canceled in August 1979, finding that the BUITONI mark, as used on wines, so resembled the senior BUTON mark, as used in the related market for brandies, liqueurs, and aperitifs, that it was likely to cause confusion. *Gio. Buton & C. S.p.A. v. Buitoni Foods Corp.*, 205 U.S.P.Q. (BNA) 477 (TTAB 1979).

Buitoni filed a complaint in district court in October 1979, seeking review of the

TTAB cancellation ruling and an injunction against Buton for trademark infringement and unfair competition. Buton counterclaimed to enjoin Buitoni from using the BUITONI trademark on table wines, alleging common law trademark infringement, false designation of origin under the Lanham Act § 43(a), 15 U.S.C. § 1125(a), and dilution under New York law. At trial, Buitoni abandoned its infringement and unfair competition claims, amending its complaint to request only a declaration that it had a right to use the BUITONI mark for table wines, but that Buton did not have a right to use the BUTON mark for table wines and must accordingly amend its trademark registration application.

Judge Platt, finding that "the names Gio. Buton & C. S.p.A. and Marco Buitoni [are] sufficiently dissimilar as to cause no conflict or confusion in their use," 530 F.Supp. at 959, reversed the TTAB cancellation order and held that Buitoni could continue to use its trademark on wines, provided that the signature of its president, Marco Buitoni, continued to accompany the mark on the wine bottle labels. *Id.* He also ordered that the description of goods in Buitoni's trademark registration be amended to read "table wine" instead of "wines," and that the description in Buton's pending registration application be amended to read "aperitif wine" instead of "wine." *Id.* Buton appeals from the ruling that there is no likelihood of confusion, and Buitoni cross-appeals from the court's signature requirement. We affirm on the appeal and reverse on the cross-appeal.

■ In analyzing the issue of likelihood of confusion, Judge Platt properly considered the so-called *Polaroid* factors, *Polaroid Corp. v. Polarad Electronics Corp.*, 287 F.2d 492, 495 (2d Cir.), *cert. denied*, 368 U.S. 820, 82 S.Ct. 36, 7 L.Ed.2d 25 (1961). *See Vitarroz Corp. v. Borden, Inc.*, 644 F.2d 960, 965–67 (2d Cir. 1981); *McGregor-Doniger Inc. v. Drizzle Inc.*, 599 F.2d 1126, 1130–31

(2d Cir. 1979). First, he found the strength of the BUTON mark in the United States "very weak" compared to the "relatively strong" BUITONI mark. 530 F.Supp. at 956. BUITONI is prominently displayed on Buitoni wine bottles (as it is on all Buitoni food products) while Buton's aperitif is labeled and advertised principally as ROSSO ANTICO, its brandy as VECCHIA ROMAGNA.[1] Moreover, Buitoni's advertising for its wines stresses the Buitoni's widely sold pasta and other Italian food products; Buton, in contrast, advertises ROSSO ANTICO without reference to the BUTON name. Thus the finding that BUITONI more distinctively identifies the source of the goods than does BUTON is well supported.

■ Second, the court below found the degree of similarity between the BUITONI and BUTON marks insubstantial, based on their phonetic differences and on the presence of Marco Buitoni's signature along with the BUITONI mark. *Id.* at 957. This finding is not clearly erroneous, and the court did not err in considering the difference in the marks' presentation—the BUITONI logo with and the BUTON name without a prominent signature, *see McGregor-Doniger Inc. v. Drizzle Inc.*, 599 F.2d at 1133–34. Even where the BUTON name is prominent, as on its brandy bottle, it looks quite different from the BUITONI mark.

Third, the court found slight proximity between Buton's and Buitoni's alcoholic products, as they have different alcohol contents and different uses—Buitoni table wines with meals and Buton's drinks before and after meals. 530 F.Supp. at 957. Thus as did the chips and crackers at issue in *Vitarroz Corp. v. Borden, Inc.*, 644 F.2d at 967, "the products in this case differ in ways that may be deemed material to consumers." Nor was there any evidence that Buton intended to begin marketing table wines for export, so that the likelihood of

---

1. VECCHIA ROMAGNA brandy does feature the BUTON mark in raised glass letters on the back of the bottle and on its box and bottle labels. ROSSO ANTICO, which accounts for 75% of Buton's United States sales, nowhere features the BUTON mark, but the name Gio. Buton & C. S.p.A. is printed in small letters on the top of the bottle and on a small bottom label.

its bridging the gap between the products, the fourth *Polaroid* factor, was slight.

■ Fifth, there was no evidence of actual confusion between the names by American consumers, and the court could properly take the absence of proof of actual confusion into account, *McGregor-Doniger Inc. v. Drizzle Inc.*, 599 F.2d at 1136. Sixth, there was no evidence that Buitoni acted in bad faith, nor could it be inferred that Buitoni was seeking to ride on Buton's coattails in the American market when it began selling table wines, which Buton does not sell. Seventh, Buton does not assert that Buitoni's products are of inferior quality.

■ Eighth, we find no error in the court's finding that consumers of the Buton and Buitoni products at issue are sophisticated enough to distinguish table wine from aperitifs, brandies, and liqueurs. *See id.* at 1138 ("where both the products involved and the marks involved are distinguishable, the care exercised by typical consumers is likely to reduce confusion"). Because the district court properly found that Buton had failed to establish a likelihood of confusion, it need not have considered further equities because "the balance of interests of necessity tips in [Buitoni's] favor." *See id.* at 1139.

We therefore affirm the district court's reversal of the TTAB's order to cancel the BUITONI wine trademark, and the ruling that Buitoni has a right to use its trademark on table wines. We are satisfied that the district court had before it sufficient convincing evidence, much of it additional to the record on which the TTAB ruled, to warrant overturning the TTAB's decision even under the stringent standard of *Morgan v. Daniels*, 153 U.S. 120, 125, 14 S.Ct. 772, 773, 38 L.Ed. 657 (1894) (Patent Office decisions control "unless the contrary is established by [evidence] which in character and amount carries thorough conviction").

■ We vacate that portion of the judgment requiring Buitoni to continue to depict Marco Buitoni's signature prominently on its wine bottle labels alongside the BUITONI trademark. The court's findings with respect to each *Polaroid* factor together pointed to only one conclusion: that there is no likelihood of confusion between the BUITONI mark as used on table wine and the BUTON mark as used on brandies, liqueurs, and aperitif wines.[2] The signature requirement is inconsistent with this conclusion because it implies that confusion is likely absent Marco Buitoni's signature on BUITONI wine labels. We see no basis for this requirement.

■ Buitoni's wine trademark registration, which Judge Platt's decision reinstates, provides for no such requirement. Nor is the restriction mandated by the court's observation, 530 F.Supp. at 957, that the current use of the signature with the mark is one factor supporting a finding of relative dissimilarity between the marks. The degree of similarity is only one factor relevant to determining the likelihood of confusion, and the context in which the mark is presented is only one factor relevant to determining the degree of similarity. *See McGregor-Doniger Inc. v. Drizzle Inc.*, 599 F.2d at 1133–34. We think the decision in *Taylor Wine Co. v. Bully Hill Vineyards, Inc.*, 569 F.2d 731 (2d Cir. 1978), on which the court below relied, is inapposite here. In that case the court, having denied Walter Taylor the right to use TAYLOR as a wine trademark, permitted him to use only his signature, along with a disclaimer, on Bully Hill wines. Here, by contrast, the BUITONI trademark has been found not likely to cause confusion, and Marco Buitoni's signature merely echoes the family name in the trademark. In *Taylor Wine* the court declined to forbid a man to use his signature even though it forbade him to use his surname as a trademark; the court nowhere suggested that it would be

---

2. The court, after considering all the *Polaroid* factors, stated that "the names Gio. Buton & C. S.p.A. and Marco Buitoni" are not confusingly similar. 530 F.Supp. at 959. While that is surely true, we do not think that it can fairly be read to summarize the court's findings, for throughout the discussion of the *Polaroid* factors, the court focused on the likelihood of confusion between the BUTON and BUITONI trademarks themselves.

appropriate to force a man to use his signature while permitting him to use his surname as a trademark.

Judgment affirmed in part and reversed to the extent that it requires Buitoni to depict Marco Buitoni's signature on BUITONI wine labels.