**MISS UNIVERSE, INC.,**
Plaintiff-Appellee-Cross-Appellant,

v.

**Alfred PATRICELLI d/b/a Miss Venus
U.S.A. Pageant,**
Defendant-Appellant-Cross-Appellee.

Nos. 62, 63, Dockets 84–7294, 84–7316.

United States Court of Appeals,
Second Circuit.

Argued Nov. 20, 1984.

Decided Jan. 16, 1985.

Edward A. Meilman, New York City, for defendant-appellant-cross-appellee.

Jay Topkis, New York City (Allan Blumstein, Steve Gey, Steven B. Pokotilow, Blum, Kaplan, Friedman, Silberman & Beran, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, of counsel), for plaintiff-appellee-cross-appellant.

Before LUMBARD, MANSFIELD, and CARDAMONE, Circuit Judges.

CARDAMONE, Circuit Judge:

Miss Universe, Inc. (Universe) appeals from a decision of the United States District Court for the Southern District of New York (Griesa, J.) dismissing its federal and state claims alleging an infringement of its federally registered trademark and dilution of the value of that mark. Alfred Patricelli, *pro se,* appeals from the dismissal of his counterclaims against Universe asserting malicious prosecution. In the continuing litigation between these beauty pageant promotors, it is clear that the competition is not confined to the contestants vying for fame and fortune. Universe and Patricelli have been before us on three previous occasions. Since the previous decisions are relevant to the present appeal, they are briefly described.

## I

Universe has been conducting and promoting the "Miss Universe" and "Miss U.S. A." pageants since 1952. In 1966 Universe registered with the United States Patent Office the trademark "Miss U.S.A." and the service marks "Miss U.S.A." and "Miss United States of America." The trademark "Miss U.S.A. Beauty Pageant" was registered in 1968. Universe's gross revenues from conducting beauty pageants are approximately $5 million and its annual net income is approximately a million and a half dollars.

Patricelli was Universe's franchisee for the New England States from 1952 to 1961. In this role he conducted state beauty pageants to select contestants for the "Miss U.S.A." contest. In 1959, while still a franchisee for Universe, Patricelli organized a national beauty contest to select an American contestant to the World Beauty Pageant in London, England. Patricelli used the title "Miss U.S.A.-World Beauty Pageant" to identify his contest. Universe sued to prevent trademark infringement, *Miss Universe, Inc. v. Patricelli,* 271 F.Supp. 104 (D.Conn.1967), and obtained a temporary restraining order prohibiting Patricelli from using the term "Miss U.S.A.-World Beauty Pageant." On appeal, we affirmed but noted that Patricelli was not precluded from using a "title descriptive of his contest to select a representative from the United States of America for the World Beauty Pageant in London, England, such as Miss World-U.S.A." *Miss Universe, Inc. v. Patricelli,* 386 F.2d 997, 997 (2d Cir.1967).

Patricelli then commenced to use the mark "Miss World-U.S.A." At a later trial on the merits, the district court, after determining that Universe's service and trademarks were valid and had acquired secondary meaning, concluded that confusion had occurred as a result of Patricelli's use of the title "Miss World-U.S.A." Accordingly, it enjoined Patricelli's use of any terms confusingly similar to Universe's marks, including, "Miss U.S.A.-World" and "Miss World-U.S.A." Again, we affirmed the district court insofar as it upheld Universe's mark and agreed with the district court's finding that the mark had acquired secondary meaning. *Miss Universe, Inc. v. Patricelli,* 408 F.2d 506 (2d Cir.1969). Nonetheless, with respect to the likelihood of confusion, we concluded that the marks "Miss U.S.A." and "Miss World-U.S.A." do not share the same tendency for confusion. *Id.* at 511. Hence, we held that the injunction issued was too broad and reversed that part of the district court's order.

Thus armed with two decisions in his favor, Patricelli continued to use the mark "Miss World-U.S.A." until 1977 when Miss World decided not to continue him as its American franchisee. Patricelli then began his own beauty pageant using the title "Miss Venus World U.S.A." Started in 1978, the Miss Venus pageant is held in Bridgeport, Connecticut once a year, and is unaffiliated with any international contest. Its annual revenue is approximately $24,-000. Patricelli was immediately sued by his former franchisor for using its registered trademark "Miss World" and enjoined from using the word "World" immediately preceding or following the word

"Miss." This decision was affirmed on appeal, presumably because Patricelli was no longer the Miss World franchisee. *Mecca Limited v. Patricelli*, 595 F.2d 1209 (2d Cir.1979).

No longer using the word "World", Patricelli instead began using the title "Miss Venus-U.S.A." to describe his Connecticut contest. In December 1979 Universe filed the present, fourth action against Patricelli, alleging infringement of plaintiff's rights as defined by 15 U.S.C. § 1114(1), infringement of trademark under the common law of New York, violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(a), violation of the New York anti-dilution statute, section 368-b of the New York General Business Law, and violation of New York common law regarding unfair competition. Universe asserted that "Miss Venus-U.S.A." is an infringement of the "Miss U.S.A." trademark and sought injunctive relief against its use in connection with promotion of Patricelli's Bridgeport beauty pageant. Patricelli's answer to Universe's complaint asserted three counterclaims charging Universe with harassment and malicious prosecution.

## II

At a pretrial conference, Judge Griesa determined that Patricelli's counterclaims could not survive a finding that Universe's claims were not frivolous. Therefore, he deferred consideration of the counterclaims until he heard plaintiff's claims. After a one-day bench trial the district judge dismissed the complaint and defendant's counterclaims, finding that there had been an insufficient showing of likelihood of confusion between the marks. Relying on our second decision in *Miss Universe v. Patricelli*, 408 F.2d 506, the trial judge held that "[t]he slogan 'Miss Venus U.S.A.' has a different distinguishable major element from the slogan 'Miss U.S.A.'" The evidence on actual likelihood of confusion was not persuasive since it was "fragmentary indeed and very minor." The trial court also noted that the "Miss U.S.A." contest has achieved a much higher degree of success than the "Miss Venus-U.S.A." pageant, which indicates that "there is no real confusion and no substantial likelihood of confusion between the two slogans," nor can it (for the same reasons) be shown that there is likely to be a dilution in the value of Universe's mark as a result of Patricelli's activities. Finally, Judge Griesa ruled that the malicious prosecution action alleged in Patricelli's counterclaims must be dismissed because plaintiff's suit had been brought in good faith. The counterclaims alleging harassment and interference with Patricelli's rights arising from plaintiff's contacting his sponsors and associates also fell.

## III

To establish liability in a trademark and tradename infringement case, the crucial issue is "whether there is any likelihood that an appreciable number of ordinarily prudent purchasers are likely to be misled, or indeed simply confused as to the source of the goods in question." *Mushroom Makers, Inc. v. R.G. Barry Corp.*, 580 F.2d 44, 47 (2d Cir.1978) (*per curiam*), *cert. denied*, 439 U.S. 1116, 99 S.Ct. 1022, 59, L.Ed.2d 75 (1979). In assessing the likelihood of confusion, a consideration of the facts and circumstances of each case is necessary. *McGregor-Doniger, Inc. v. Drizzle Inc.*, 599 F.2d 1126, 1130 (2d Cir.1979). *See Buitoni Foods Corp. v. Gio. Buton & C. S.p.A.*, 680 F.2d 290, 292–94 (2d Cir.1982); *Vitarroz Corp. v. Bordon, Inc.*, 644 F.2d 960, 965–67 (2d Cir.1981). To the extent that an assessment of "likelihood of confusion" is based upon a comparison of the titles of the beauty pageants, a reviewing court is in as good a position to decide as the trial court. *Miss Universe, Inc. v. Patricelli*, 408 F.2d at 509; *see Spring Mills, Inc. v. Ultracashmere House, Ltd.*, 689 F.2d 1127, 1130 (2d Cir.1982). Subject to the clearly erroneous test, the credibility and the weight given the testimony of the witnesses is of course for the trial judge. *RJR Foods, Inc. v. White Rock Corp.*, 603 F.2d 1058, 1061 n. 1 (2d Cir.1979).

The only instances of confusion presented at this trial were minor, all easily cleared-up. In fact, it is less likely that there could be a showing of confusion here than in the *Miss Universe v. Patricelli* action brought in 1967. The word "Venus," unlike the word "World," cannot be so easily considered as modifying a "primary title," since the word "Venus" is a proper noun, not a modifier. *Cf. Miss Universe, Inc. v. Flesher*, 433 F.Supp. 271, 274 (C.D.Cal.1977) (modifying adjective more likely to confuse than noun). Thus, "Venus" inserted between the words "Miss" and "U.S.A." satisfied our requirement in *Miss Universe* that a different distinguishable major element be placed between the primary words allegedly infringed upon. *See* 408 F.2d at 511.

■ Universe argues that reliance on our 1969 opinion is misplaced since the "Miss U.S.A." trademark has been strengthened considerably since that time. At trial Universe established that it had invested considerable resources in promotion and advertising to strengthen its mark, and had successfully defended its mark in numerous suits against infringement by pageant promoters. No doubt Universe has grown since 1969 and its mark is strong. Beyond that there is little to compare between Patricelli's regional beauty pageant and plaintiff's nationwide event. That competition resembles a sports engagement between a local high school team and a professional team. It is no contest. Nor is there proximity between the contests or evidence that Patricelli intends to expand. And plaintiff's name, "Miss U.S. A.," is readily distinguishable from "Miss Venus-U.S.A." The district court found that Patricelli's use of the title "Miss Venus-U.S.A." was not likely to actually confuse the public, and that finding is not clearly erroneous. *See Polaroid Corp. v. Polarad Electronics Corp.*, 287 F.2d 492,

495 (2d Cir.), *cert. denied*, 368 U.S. 820, 82 S.Ct. 36, 7 L.Ed.2d 25 (1961).

## IV

■ The district court properly dismissed Universe's anti-dilution claim under the New York Anti-Dilution Statute, N.Y. Gen.Bus.Law § 368-d.[1] In order to ensure protection and to mount a successful claim under § 368-d, a plaintiff must first have a trademark or name which is "truly of *distinctive* quality" or one which has "acquired a secondary meaning in the mind of the public," *Allied Maintenance Corp. v. Allied Mechanical Trades, Inc.*, 42 N.Y.2d 538, 546, 399 N.Y.S.2d 628, 369 N.E.2d 1162 (1977), and must prove a likelihood of dilution. "Typically, dilution is characterized as a 'whittling down' of the identity or reputation of a tradename or mark." *Sally Gee, Inc. v. Myra Hogan, Inc.*, 699 F.2d 621, 625 (2d Cir.1983) (citations omitted). In the present case, Universe did not establish that Patricelli's use of "Miss Venus-U. S.A." has weakened, blurred or diluted the degree of value or quality of the "Miss U.S.A." mark. *Id.* at 625–26.

## V

■ The dismissal of Patricelli's counterclaims for malicious prosecution were also proper in light of the district court's finding that Universe had probable cause to believe it had a cause of action and that the suit was brought in good faith. *See Frolich v. Miles Laboratories, Inc.*, 316 F.2d 87, 88–89 (9th Cir.1963). "A malicious prosecution is one that is begun in malice, without probable cause to believe it can succeed, and which finally ends in failure." *Burt v. Smith*, 181 N.Y. 1, 5, 73 N.E. 495 (1905), *appeal dismissed*, 203 U.S. 129, 27 S.Ct. 37, 51 L.Ed. 121 (1906). Ordinarily, it involves an interference with the claimant's person or property by resort to a provision-

---

**1.** New York's anti-dilution statute provides:
  Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark registered or not registered or in cases of

unfair competition, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services.
  N.Y.Gen.Bus.Law § 368-d (McKinney 1984).

**239**

al remedy such as attachment, arrest or injunction. *See Williams v. Williams,* 23 N.Y.2d 592, 596 n. 2, 298 N.Y.S.2d 473, 246 N.E.2d 333 (1969). To maintain an action for malicious prosecution, plaintiff must establish a lack of reasonable ground for defendant's prior prosecution. *See Heaney v. Purdy,* 29 N.Y.2d 157, 160, 324 N.Y.S.2d 47, 272 N.E.2d 550 (1971). W. Prosser, *Law of Torts* § 120 (4th ed. 1971). The essential elements needed to sustain a malicious prosecution action are missing. Hence, Patricelli's counterclaim was properly dismissed.

The judgment of the district court is affirmed.