Zeetogroup, LLC v Baker Hostetler, LLP (2024 NY Slip Op 00992)

Zeetogroup, LLC v Baker Hostetler, LLP

2024 NY Slip Op 00992

Decided on February 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2024

Before: Kern, J.P., Gesmer, Shulman, Rodriguez, Rosado, JJ. 

Index No. 158723/21 Appeal No. 1734 Case No. 2023-03684 

[*1]Zeetogroup, LLC, et al., Plaintiffs-Appellants,
v
Baker Hostetler, LLP et al., Defendants-Respondents, "John Doe" Nos. 1-100, Defendants.

Skiff Law Firm LLC, White Plains (Gregory J. Skiff of counsel), for appellants.
Davis + Gilbert LLP, New York (Neal H. Klausner of counsel), for respondents.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about October 17, 2022, which, to the extent appealed from as limited by the briefs, granted defendant Baker Hostetler LLP's motion to dismiss pursuant to CPLR 3211(a)(7), and defendant Marc Powers' motion to dismiss pursuant to CPLR 306-b and CPLR 3211(a)(8), unanimously affirmed, with costs.
The motion court providently exercised its discretion in denying plaintiffs' request for an extension of time to serve Powers (Goldstein Group Holding, Inc. v 310 E. 4th St. Hous. Dev. Fund Corp., 154 AD3d 458, 459 [1st Dept 2017]). It is undisputed that plaintiffs' initial service on Powers did not comply with the mailing requirement of CPLR 308(2). Plaintiffs also failed to demonstrate that their time to serve Powers should have been extended based on the "good cause" or "interest of justice" exceptions to CPLR 306-b because they failed to establish that they exercised reasonable diligence (see e.g. Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 101 [2001]; Holland v Thiam, 201 AD3d 546 [1st Dept 2022], lv dismissed, 37 NY3d 1228 [2022]).
We also affirm dismissal of the action against Baker Hostetler pursuant to CPLR 3211(a)(7). The motion court properly held that under New York's choice of law rules, malicious prosecution claims are governed by the law of the state where the underlying proceeding took place (Caldwell v Gutman, Mintz, Baker Sonnenfeldt, P.C., 701 F Supp 2d 340, 355 [ED NY 2010]; Seghers v Morgan Stanley DW, Inc., 2007 WL 1404434, *8 n 11 [SD NY 2007]; Tripodi v Local Union No. 38, Sheet Metal Workers' Intl Assn, AFL-CIO, 120 F Supp 2d 318, 321 [SD NY 2000]). Here, the arbitration that gives rise to plaintiffs' malicious prosecution claim was held in San Diego, California. Therefore, the court properly applied California law, which bars plaintiffs' malicious prosecution claim because the claim arises from a contractually agreed upon arbitration (see e.g. Brennan v Tremco, Inc., 25 Cal 4th 310, 314, 20 P3d 1086, 1088 [2001]). 
Plaintiffs have failed to establish that any exception to the general rule applies in
this case (see Tripodi, 120 F Supp at 322; Restatement [Second] of Conflict of Laws § 155).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2024